**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| SARAH TOMPKINS, | § | |
| | § | |
| VS. | § | |
| | § | CA NO. 6:10-cv-058-LED |
| ABLE PLANET, INC.; | § | |
| AMAZON.COM, INC.; | § | |
| AMERICAN RECREATION PRODUCTS, INC; | § | |
| BRIEL AMERICA, INC.; | § | |
| CENTURY LLC; | § | |
| CENTURY MARTIAL ART SUPPLY, LLC; | § | |
| MAG INSTRUMENT, INC.; | § | |
| TARGET CORPORATION; | § | |
| THINK OPERATIONS, LLC; | § | |
| WAL-MART STORES, INC.; | § | |
| WENGER NA, INC. | § | |

**DEFENDANT WAL-MART STORES, INC.'S MOTION, AND MEMORANDUM IN
SUPPORT, TO DISMISS PLAINTIFF TOMPKINS' COMPLAINT**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant

Wal-Mart Stores, Inc. ("Walmart"), hereby respectfully moves the Court to dismiss Plaintiff Sarah

Tompkins' ("Tompkins") Complaint against Walmart.  There are three equally compelling reasons

that require Walmart's dismissal from this litigation.

First, the Court lacks subject-matter jurisdiction as Plaintiff Tompkins lacks standing against

Walmart.  Under Rule 12(b)(1), the Court must dismiss a case against a defendant where the Court

lacks subject-matter jurisdiction.  This is precisely the case here.  Plaintiff Tompkins has failed to

sufficiently allege, as required by law, that she has suffered "any" cognizable injury-in-fact as a result

of Walmart's alleged false patent marking.  Tompkins is nothing more than an unaffected individual

being utilized as a pawn to seek *qui tam* damages under 35 U.S.C. § 292.  To the extent Plaintiff

Tompkins is seeking to step into the shoes of the public on behalf of the United States, she has

fatally failed to plead any "concrete and particularized" harm allegedly caused by Walmart to anyone. Accordingly, the Court lacks subject matter jurisdiction over Walmart.

Second, the sole statute Plaintiff Tompkins relies upon in her Complaint, 35 U.S.C. § 292, requires that a plaintiff show that the defendant, *inter alia*: (1) used the word "patent" "in advertising in connection with an unpatented article," and (2) acted with the intent to deceive the public.  Under applicable Supreme Court precedent, Plaintiff Tompkins is required to provide sufficient factual allegations beyond mere speculation. <u>See</u> <u>Bell Atl. Corp. v. Twombley</u>, 550 U.S. 544, 555 (2007). Plaintiff Tompkins has failed to adequately plead, and cannot establish, that Walmart is responsible for any alleged advertising that bears the word "patent" and, equally fatal, has insufficiently plead only bald conclusory allegations of an "intent to deceive."  Plaintiff has failed to sufficiently pled any allegations or facts that Walmart: (i) is culpable for the alleged advertisements; or (ii) acted with the requisite intent to deceive the public; and, as such, the Complaint against Walmart must be dismissed.

Third, a Complaint under 35 U.S.C. § 292 requires an allegation that the defendant's accused conduct was fraudulent, deceptive, and intentional, and must be pled with particularity under Rule 9(b) of the Federal Rules of Civil Procedure.  Just as Plaintiff Tompkins has failed to adequately plead any cognizable injury-in-fact as required under 35 U.S.C. § 292, advertising by Walmart, or an intent-to-deceive, the Complaint is deficient under the heightened pleading standard of Rule 9(b).

I.    <u>**BRIEF STATEMENT OF PERTINENT INDISPUTABLE FACTS**</u>.

Plaintiff filed her Original Complaint against Walmart and four other defendants on February 23, 2010, asserting one Count against Walmart pertaining to Walmart's offer for sale of noise canceling headphones manufactured and sold to Walmart by Able Planet, Inc. ("Able Planet").

One month later, on March 26, 2010, Plaintiff Tompkins filed her "First Amended Complaint" against most of the original defendants, four new Counts against Walmart, and added

six additional defendants -- American Recreation Products, Inc. ("ARP"), Century LLC ("Century"), Mag Instrument, Inc. ("Mag Instrument"), Think Operations, LLC ("TOL"), Wenger NA, Inc.("Wenger") and Briel America, Inc. ("Briel").  The new Counts against Walmart include virtually identical deficient allegations against four new products, this time pertaining to flashlights supplied by Mag Instrument, tents supplied by Wenger, espresso makers supplied by Briel, and baby bottles supplied by TOL.

Each of Plaintiff Tompkins' Counts and allegations against Walmart contain the same bald, cookie-cutter, contentions:

> All of the defendants purportedly engaged in: "false patent marking under 35 U.S.C. § 292 by advertising and/or marking its products, or products of others for sale, as being protected by patent [sic] when, in fact, no patent exists which protects the product or the portion of the product asserted to be patented, with the intent of deceiving the public." Complaint, ¶ 12.

> Walmart "advertise(s)" on its website that products are patented "when, in fact they are [it is] not, with actual and/or constructive knowledge of that fact, for the purpose of deceiving the public . . ." Complaint, ¶¶ 14, 15, 22, 23, 26, 27, 30, 3134, and 35.

Plaintiff Tompkins Original and First Amended Complaint contains <u>no</u> other details, alleged facts, or other allegations whatsoever, concerning Walmart's alleged conduct and purported intent.

Significantly, Tompkins concedes in each Count against Walmart that Walmart's suppliers, <u>not</u> Walmart, created the accused advertisements for each accused product. Complaint, ¶ 14 (Able Planet), ¶ 22 (Mag Instrument), ¶ 26 (Wenger), ¶ 30 (Briel), and ¶ 34 (TOL).

Walmart is a one of the worlds largest retailers that regularly engages in the offer for sale and sale of branded products manufactured and provided to it by third-party suppliers.  Walmart, like virtually all retail stores, materially relies upon its vendors' to mark, describe, and package the respective vendors' products – including, of course, any statements relating to any patents or

pending patent applications.  Indeed, Walmart purchases goods from over 65,000 suppliers and its

stores employ over 100,000 independent SKU's ("stockkeeping units").  As for the five products

that Plaintiff Tompkins accuses "Walmart" of falsely marking – as plaintiff Tomplins' appears to

concede -- Walmart did not and does not design, manufacture, mark, or package any of the

products.  Walmart also did not and does not design, layout, draft, or otherwise create, any of the

packaging, inserts, product descriptions, markings, or product instructions for any of the accused

products.  Instead, as Plaintiff Tompkins seems to acknowledge, as it must, Walmart properly relies

upon the suppliers of the accused products to provide and prepare such information and materials.

Finally, the vendor's for the accused products, not Walmart, are solely responsible for preparing and

making any statements or other representations regarding each vendor's patents, patent applications,

or other claimed proprietary rights.

I.    **ARGUMENT**.

     A.    **Plaintiff Tompkins Lacks Standing to Bring this Action Against Walmart**.

     "[A]ll plaintiffs - including *qui tam* plaintiffs granted a statutory right of action - must satisfy

the 'irreducible constitutional minimum' of standing." <u>Stauffer v. Brooks Brothers, Inc.</u>, 615 F.Supp.

2d 248, 253 (SD NY 2009) (<u>citing</u> <u>Vermont Agency of Natural Res. V. Unites States ex rel. Stevens</u>,

529 U.S. 765, 771 (2000), <u>quoting</u> <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992)).  This

requirement arises from Article III of the Constitution and imposes upon Plaintiff Tompkins the

"burden to establish: (1) that [she] has suffered an injury, (2) that is causally connected to the

defendant, and (3) that is likely to be redressed by the court." <u>Lujan</u>, 504 U.S. at 560-1.  Plaintiff

Tompkins has wholly failed to meet this burden and lacks standing.

     The first required element, an injury-in-fact, is the "hard floor of Article III jurisdiction that

cannot be removed by statute." <u>Summers v. Earth Island Inst.</u>,  U.S. (2009).  While a *qui tam* plaintiff

may proceed in vindication of the rights of the United States, the government or the public itself

must have suffered an injury-in-fact causally connected to the defendant. See Vermont Agency, 529 U.S. at 774.  In most *qui tam* actions, such as cases under the False Claims Act, 31 U.S.C. § 3729, the injury-in-fact to the government is straightforward.  However, in Section 292 cases, as Plaintiff Tompkins asserts here, an injury to the United States or public "is far less evident." Brooks Brothers, 615 F. Supp.2d At 254.  Section 292 seeks to protect "false marking that is fraudulent, deceptive, and intentional," not simply mistakes or inadvertence. Id. (citing Clontech Labs, Inc. v. Invitrogen Corp., 406 F.3d 1347, 1352 (Fed. Cir. 2005) (Section 292 is not a strict liability offense but requires an intent to deceive the public), and Blank v. Pollack, 916 F. Supp. 165, 173 (ND NY 1996) (no liability for "erroneous patent marking [that] was the result of mistake or inadvertence)).  Further, and importantly, the "injury-in-fact" must be "concrete and particularlized" and "actual or imminent, not conjectural or hypothetical." Lujan, 504 U.S. at 560; Brooks Brothers, 615 F. Supp.2d at 255.

Plaintiff Tompkins has failed to allege any adequate injury-in-fact sufficient to invoke this Court's jurisdiction.  To the contrary, Tomkins has pled only statutorily deficient boilerplate allegations.  Indeed, the best Plaintiff Tompkins could muster in her Complaint are the following "conclusory" allegations:

- Defendants purportedly engaged in: "false patent marking under 35 U.S.C. § 292 by advertising and/or marking its products, or products of others for sale, as being protected by patent [sic] when, in fact, no patent exists which protects the product or the portion of the product asserted to be patented, with the intent of deceiving the public." Complaint, ¶ 12; and

- Walmart "advertise(s)" on its website that products are patented "when, in fact they are [it is] not, with actual and/or constructive knowledge of that fact, for the purpose of deceiving the public . . ." Complaint, ¶¶ 14, 15, 22, 23, 26, 27, 30, 3134, and 35.

As the Brooks Brothers court properly held under applicable precedent, these types of bald, conclusory, allegations "are insufficient to establish anything more than the sort of 'conjectural or hypothetical' harm that the Supreme Court instructs is insufficient." Brooks

Brothers, 615 F. Supp.2d at 255.  Interestingly, the allegations made by the plaintiff in

Brooks Brothers went significantly further than Tompkins has here -- yet those allegations

were held inadequate.[1/]  Brooks Brothers, 615 F. Supp.2d at 252.

     Because Plaintiff Tompkins has failed to sufficiently plead any injury-in-fact, she indisputably

lacks standing against Walmart and  the Complaint against Walmart must be dismissed.

### B.  Plaintiff Tompkins Has Failed to Plead a Colorable Claim Under 35 U.S.C. § 292.

     Plaintiff Tompkins' Complaint also fails to plead a colorable claim under the Supreme

Court's recent Twombley decision and 35 U.S.C. § 292.  As such, the Court should dismiss the

Complaint against Walmart under Rules 12(b)(1) and 12(b)(6).

     When a motion to dismiss is filed under Rule 12(b)(1), "the allegations in the complaint are

not controlling . . . and only uncontroverted factual allegations are accepted as true." Cedars-Sinai

Medical Ctr. V. Watkins, 11 F.3d 1573, 1583 (Fed. Cir. 1993).  The Court's "jurisdiction must be

shown affirmatively, and that showing is not made by drawing from the pleadings inferences

favorable to the party asserting it." Shipping Financial Services Corp. v. Drakos, 140 F.3d 129, 131

(2d Cir. 1998).  "If any of the grounds for subject matter jurisdiction are lacking, dismissal is

mandatory." Inventorprise, Inc. v. Target Corp., 2009 U.S. dist. LEXIS 102852., *6 (ND NY Nov.

2, 2009) (citing United Food & Commercial Workers Union Local 919 v. Centermark Props.

Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994)).

     Under the Supreme Court's recent pronouncement in Bell Atl. Corp. v. Twombley, the

"factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S.

---

[1/]      The plaintiff in Brooks Brothers asserted that the defendant: (1) knew, or at least should have known that the patents had expired; (2) knowingly misrepresented to the public that each of its so-marked products was covered by a valid U.S. Patent; (3) falsely marked the products "for the purpose of, and with the intent of, deceiving the public"; (4) "wrongfully quelled competition with respect to such . . . products"; (5) "wrongfully and illegally advertis[ed] patent monopolies that [defendants] do not possess" thereby causing harm to the economy of the United States because the product "has the potential to, discourage or deter" potential competitors "from commercializing a competing" product; and (6) "have likely benefitted in at least maintaining their considerable market share with respect to the" products. Brooks Brothers, 615 F. Supp.2d at 52.

544, 555 (2007).  Indeed, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause." Id.  Plaintiff Tompkins has plead nothing more than speculative, formulaic, allegations here.

Similarly, under 35 U.S.C. § 292, a plaintiff must show, *inter alia*, that the defendant: (1) used the word "patent" (or any word or number importing that the product is patented) "in advertising in connection with any unpatented article;" and (2) acted with the intent to deceive the public.  Here, Tompkins has failed to adequately plead either of these elements against Walmart.

### 1. Tompkins Failed to Sufficiently Plead Both an Allegation of Advertising and the Requisite Intent to Deceive.

Plaintiff Tompkins has failed to adequately plead, and importantly cannot establish, that Walmart is responsible for any alleged advertising that bears the word "patent" and, further, has insufficiently pled only bald conclusory allegations of an "intent to deceive."

### (a)    The "Advertising" Element.

The "advertising" element of 35 U.S.C. § 292 requires that there be a nexus between the defendant's marking, affixing, or using of a patent and the advertising of the product. Target Corp., 2009 U.S. dist. LEXIS 102852., at *13-14.  Here, Plaintiff Tompkins repeatedly concedes in her Complaint *that Walmart's suppliers*, not Walmart, created the alleged advertisements for each of the accused products.  See Complaint, ¶ 14 (Able Planet), ¶ 22 (Mag Instrument), ¶ 26 (Wenger), ¶ 30 (Briel), and ¶ 34 (TOL).  This admission alone is fatal to the Plaintiff's Complaint.  Further, there can be no dispute *that Walmart's suppliers*, not Walmart, designed, created, made, and printed any packaging, literature, or other written materials, for the accused products.  As such, there is absolutely no nexus between Walmart and the accused conduct.

The recent Target case is directly on point.  In Target, the plaintiff's complaint alleged that Target violated 35 U.S.C. § 292 by offering products for sale in packaging bearing a patent number

that did not cover the accused products. <u>Target Corp.</u>, 2009 U.S. dist. LEXIS 102852., at *16.  The

plaintiff asserted that Target's offer for sale of the products, and placement of the products on its

store shelves, satisfied that "advertisement" element. <u>Id</u>. at *16-17.  The U.S. District Court for the

Northern District of New York disagreed, holding that such conduct did "not constitute

'advertising' within the meaning of 35 U.S.C. § 292" and that the requisite nexus was lacking. <u>Id</u>. at

*17.  The court also held that there was "no merit to Plaintiff's contention that the mere act of

offering a mis-marked product for sale in a retail store brings the matter within the purview of the

'in advertising' provision of § 292(a)."[2/] <u>Id</u>.

     Just as in <u>Target</u>, the Court must dismiss the Complaint against Walmart here.  Walmart: (1)

did not mark or package the accused products; (2) merely offered products for sale at retail that are

allegedly mismarked by others; and (3) properly relied upon the accuracy of the packaging and

information provided by its vendors.  As Plaintiff Tompkins has failed to plead sufficient facts to

satisfy the requisite "advertising" element, the Complaint should be dismissed under Rules 12(b)(1)

and 12(b)(6).

     **(b)   <u>Tompkins Fails to Satisfy the Requisite Intent-to-Deceive</u>.**

     Plaintiff Tompkins' Complaint fatally fails to allege sufficient facts to satisfy the requisite

"intent-to-deceive' element.

     "[F]actual allegations must be enough to raise a right to relief above the speculative level."

<u>Twombley</u>, 550 U.S. 544, 555 (2007).  "Because Section 292 is, unlike the Lanham Act, a penal

statute, it must be strictly construed, and, as such, an intent to deceive will not be inferred from

statements that may have been the result of inadvertence or mistake." <u>Target</u>, 2009 U.S. Dist.

LEXIS 102852., at *18 (<u>quoting Chamilia, LLC v Pandora Jewelry, LLC</u>, 2007 U.S. Dist. LEXIS

---

[2/]    The court also rejected plaintiff's argument that a sophisticated corporation has reason to know that the false marking occurred. <u>Id</u>. at *20-21.

71246, *29 (SD NY Sept 24, 2007)).  "Indeed, the Fifth Circuit has 'adopted the formulation that an honest, though mistaken, mismarking of an article would not trigger liability under the statute.'" Id. at *19 (quoting Clontech Labs., Inc. v. Invitrogen Corp., 406 F.3d 1347, 1352 (Fed. Cir. 2005) (citing Brose v. Sears, roebuck and Co., 455 F.2d 763, 768-69) (5th Cir. 1972)).

Here, Tompkins provides nothing more than mere speculation.  Tompkins speculates that Walmart had an "intent of deceiving the public" (Complaint, ¶ 12) and somehow had "actual and/or constructive knowledge of [the fact that the products were allegedly mismarked], for the purpose of deceiving the public . . ." Complaint, ¶¶ 14, 15, 22, 23, 26, 27, 30, 3134, and 35.  "These allegations alone do not supply enough factual matter to suggest an intent to deceive, and amount to nothing more that the 'mere labels and conclusions' prohibited by Twombley." Brinkmeier v. Graco Children's Products, Inc., 2010 WL 545896, *4 (D.Del. Feb. 16, 2010).

In Brinkmeier, remarkably similar to the barren allegations here, the plaintiff asserted that the defendant:

- "cannot have any reasonable belief that such products are protected by such patents";

- "knows, or should know" that products have been falsely marked;

- "[u]pon information and belief, [Defendant] marked product identified . . . with expired patents for the purpose of deceiving the public into believing that something contained in or embodied in the products is covered by or protected by the expired patent[s]."

Brinkmeier, 2010 WL 545896 at *4.  And, just as should occur here, the court found that such allegations were insufficient to meet the "intent-to-deceive" requirement of 354 U.S.C. § 292. Id.

Accordingly, Tompkins' Complaint against Walmart must be dismissed. See, e.g., Brinkmeier, 2010 WL 545896, at *5; Target, 2009 U.S. Dist. LEXIS 102852., at *23 ("Plaintiff has failed to set forth sufficient facts to establish a plausible claim that, by selling the Product with a false patent number on the back of its package, Target acted with the intent to deceive the public").

C.      **Plaintiff Tompkins has Failed to Plead Fraud with Particularity**.

The false marking statute, 35 U.S.C. § 292, "is a fraud-based claim, which is subject to the pleading requirements of Federal Rule of Civil Procedure 9(b)." <u>Target</u>, 2009 U.S. Dist. LEXIS 102852., at *23, fn.16.  These claims must be pled with particularity because 35 U.S.C. § 292 requires that a plaintiff establish that the alleged false marking "is fraudulent, deceptive, and intentional." <u>See</u> <u>Brooks Brothers</u>, 615 F. Supp.2d at 254; 35 U.S.C. § 292(a) ("for the purpose of deceiving the public").

Accordingly, Plaintiff Tompkins' Complaint that contains nothing more than conclusory allegations that Walmart acted "for the purpose of deceiving the public in violation of 35 U.S.C. § 292" is wholly insufficient to plead a claim for false patent marking and, as a result, must be dismissed.

II.     **CONCLUSION**.

As Plaintiff Tompkins lacks standing to bring the actions set forth in the Complaint against Walmart, and has failed to comply with the requisite pleading requirements as set forth herein, Walmart respectfully requests that the Court grant its Motion to Dismiss the Complaint against Walmart and grant Walmart such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

Michael C. Smith
State Bar No. 18650410
Siebman, Burg, Phillips & Smith, LLP
713 South Washington Avenue
Marshall, TX 75670
Telephone:  (903) 938-8900
Facsimile:  (972) 767-4620
Email:  michaelsmith@siebman.com

David A. Roodman
BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO  63102
Telephone:  (314) 259-2000
Facsimile:  (314) 259-2020

**Attorneys for Defendant Wal-Mart Stores, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service, are being served this 19th day of April 2010 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

Michael Smith