**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| SARAH TOMPKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 6:10-cv-00058 |
| vs. | § | |
| | § | |
| ABLE PLANET INCORPORATED; | § | |
| AMAZON.COM, INC.; | § | |
| AMERICAN RECREATION PRODUCTS, INC.; | § | |
| CENTURY LLC; | § | Second Amended Complaint for False |
| CENTURY MARTIAL ART SUPPLY, LLC; | § | Patent Marking |
| MAG INSTRUMENT, INC.; | § | |
| TARGET CORPORATION; | § | Jury Trial Demanded |
| THINK OPERATIONS, LLC; | § | |
| WAL-MART STORES, INC.; | § | |
| | § | |
| Defendants. | § | |

## SECOND AMENDED COMPLAINT FOR FALSE PATENT MARKING

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Sarah Tompkins ("Plaintiff"), by and through her undersigned attorney, hereby files this Second Amended Complaint on behalf of the government and people of the United States against Defendants Able Planet Incorporated.; Amazon.com, Inc.; American Recreation Products, Inc.; Century, LLC; Century Martial Art Supply, LLC; Mag Instrument, Inc.; Target Corporation; Think Operations, LLC; and Wal-Mart Stores, Inc. (collectively "Defendants"), and alleges as follows:

### I.    PARTIES

1.    Plaintiff is an individual residing in this District.

2.    Upon information and belief Defendant Able Planet Incorporated ("Able Planet") is a corporation organized under the laws of the State of Delaware and has its principal place of

business at 9500 W. 49th Ave., Bldg. B-102, Wheat Ridge, CO 80033.   Able Planet does

business in the State of Texas and in the Eastern District of Texas.   Able Planet may be served

with process through its registered agent, The Corporation Trust Company, Corporation Trust

Center, 1209 Orange Street, Wilmington, Delaware, 19801.

3.     Upon information and belief Defendant Amazon.com, Inc. ("Amazon.com") is a

corporation organized under the laws of the State of Delaware and has its principal place of

business at 1200 12th Ave. South, Suite 1200, Seattle, WA 98144-2734.   Amazon does business

in the State of Texas and in the Eastern District of Texas.   Amazon may be served with process

through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400,

Wilmington, Delaware 19808.

4.     Upon information and belief Defendants Century, LLC and Century Martial Art

Supply, LLC (collectively "Century") are limited liability companies organized under the laws of

the State of Oklahoma and have their principal place of business at 1000 Century Blvd,

Oklahoma City, OK 73110.   Century does business in the State of Texas and in the Eastern

District of Texas.   Century may be served with process through their registered agent, John R.

Bates, 6307 Waterford Blvd., Suite 155, Oklahoma City, Oklahoma, 73118.

5.     Upon information and belief Defendant Mag Instrument, Inc. ("Mag Instrument")

is a corporation organized under the laws of the State of California and has its principal place of

business at 2001 South Hellman Avenue, Ontario, California 91761.   Mag Instrument does

business in the State of Texas and in the Eastern District of Texas.   Mag Instrument may be

served with process through its registered agent, Anthony Maglica, 2001 South Hellman Avenue,

Ontario, California 91761.

6.     Upon information and belief Defendant Target Corporation ("Target") is a

corporation organized under the laws of the State of Minnesota and has its principal place of

business at 1000 Nicollet Mall TPN 0945, Minneapolis, Minnesota 55403.  Target does business

in the State of Texas and in the Eastern District of Texas.  Target may be served with process

through its registered agent, C T Corporation System, 350 N. St. Paul Street, Dallas, Texas

75201.

7.      Upon information and belief Defendant Think Operations, LLC ("Think

Operations") is a limited liability company organized under the laws of the State of Texas and

has its principal place of business at 2001 South Mopac, Ste. 721, Austin, Texas 78746.  Think

Operations does business in the State of Texas and in the Eastern District of Texas.  Think

Operations may be served with process through its registered agent, Kevin D. Brodwick, 2001

South Mopac, Ste. 721, Austin, Texas 78746.

8.      Upon information and belief Defendant Wal-Mart Stores, Inc. ("Wal-Mart") is a

corporation organized under the laws of the State of Delaware and has its principal place of

business at 702 SW 8th Street, Dept 8687 #0555, Bentonville, Arkansas 72716-0555.  Wal-Mart

does business in the State of Texas and in the Eastern District of Texas.  Wal-Mart may be

served with process through its registered agent, C T Corporation System, 350 N. St. Paul Street,

Dallas, Texas 75201.

9.      Upon information and belief, Defendant American Recreation Products, Inc.

("ARP") is a corporation organized under the laws of the State of Delaware and has its principal

place of business at 1224 Fern Ridge Parkway, St. Louis, MO 63141.  Defendant ARP does

business in the State of Texas and in the Eastern District of Texas.  ARP may be served with

process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite

400, Wilmington, Delaware 19808.

## II.    JURISDICTION AND VENUE

10.    This is an action for false patent marking arising under 35 U.S.C. §292.  This Court has subject matter jurisdiction of the action under Title 28 U.S.C. §§1331 and 1338.  Each Defendant conducts business within the State of Texas and within this District.  Each Defendant has committed acts of false marking in violation of 35 U.S.C. §292 within the State of Texas and within this District.  The Court has general and/or specific personal jurisdiction over each Defendant.  Venue is proper pursuant to 28 U.S.C. § 1391.

## III.    FACTS

11.    As is further explained in the counts below, each Defendant has engaged in false patent marking under 35 U.S.C. §292 by advertising and/or marking its products, or products of others for sale, as being protected by US patent when, in fact, no patent exists which protects the product or the portion of the product asserted to be patented, with the intent of deceiving the public.

12.    Defendants Amazon.com and Wal-Mart each advertise thousands of items sold through their respective websites (amazon.com and walmart.com) as being patented.  Defendant Target advertises hundreds of items sold through its website (target.com) as being patented.

13.    On information and belief, Defendants Amazon.com, Target and Wal-Mart do not make any independent attempt to determine whether products advertised on their websites as patented are, in fact, patented.

## IV.    COUNT ONE

### FALSE MARKING PURSUANT TO 35 U.S.C. §292 REGARDING ABLE PLANET NOISE CANCELING HEADPHONES

14.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-13 of this Complaint and further alleges as follows:

4

15.     Defendants Amazon.com, Target, and Wal-Mart each advertise, on their respective websites, Able Planet Noise Canceling Headphones as having "Patented LINX Audio" technology.

16.     Upon information and belief, Defendants Amazon.com, Target, and Wal-Mart each created and posted the advertisements appearing on their respective websites related to the Able Planet headphones.  Upon information and belief, Defendant Able Planet manufactures the advertised headphones and was involved in the creation of the aforementioned advertisements.

17.     Upon information and belief, Defendants Amazon.com, Target, Wal-Mart, and Able Planet advertised the Able Planet headphones as patented to increase sales of the advertised headphones by, without limitation, causing consumers to believe (i) that the headphones had been determined by the United States Patent and Trademark Office to be new and useful and (ii) that the government of the United States granted Able Planet the exclusive right to make headphones with the utility of the advertised headphones.

18.     Despite a diligent search,[1] Plaintiff was unable to locate any patent owned or otherwise affiliated with Defendant Able Planet with claims that could be construed as protecting technology for the advertised headphones.  Counsel for Defendant Able Planet has proffered several patents, which it claims cover the advertised headphones.  However, counsel for Plaintiff has reviewed these patents and none of them cover, or could be reasonably considered to cover, the advertised headphones.  Defendant Able Planet advertised the headphones as patented with knowledge that the advertised headphones are not patented.

---

[1] Plaintiff has limited the search to U.S. patents as Plaintiff believes that 35 U.S.C. §292 requires the marked on advertised products to be protected by U.S., rather than foreign, patents.  Further, Plaintiff recognizes that applicable patents may be licensed or assigned, but that such license or assignment may not be recorded with the U.S. Patent and Trademark Office.  Plaintiff encourages any Defendant who believes that it or its supplier owns or is licensed under a valid patent covering the marked or advertised product to provide evidence of such ownership or license prior to the answer date so that Plaintiff may dismiss any relevant claims, if appropriate.

19.     Upon information and belief, Defendants Amazon.com, Target, and Wal-Mart advertised the Able Planet headphones as patented with (i) actual knowledge that the advertised headphones are not patented or (ii) under a policy of refusing to confirm the patent status of products advertised as patented and with the knowledge of a high likelihood that at least a significant number of the hundreds or thousands of products advertised by them as being patented are not patented.

20.     Defendants Amazon.com, Target, Wal-Mart and Able Planet advertised that the Able Planet Noise Canceling Headphones are patented, when they are not, with actual and/or constructive knowledge of that fact, for the purpose of deceiving the public in violation of 35 U.S.C. §292.

21.     This cause of action relates to at least the following products of Able Planet: Able Planet Clear Harmony headphones, Able Planet Headphones model NC600, Able Planet Clear Harmony Behind the Head Stereo Headphones.

## V.     COUNT TWO

### FALSE MARKING PURSUANT TO 35 U.S.C. §292 REGARDING CENTURY PUNCHING BAGS

22.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-21 of this Complaint and further alleges as follows:

23.     Defendant Target advertises, on its website, certain Century punching bags as including a patented 1-pc. base.

24.     Upon information and belief, Defendant Target created and posted the advertisements appearing on its website related to the Century punching bags.  Upon information and belief, Defendant Century manufactures the advertised punching bags and was involved in the creation of the aforementioned advertisement.

25.     Upon information and belief, Defendants Target and Century advertised the Century punching bag base as patented to increase sales of the advertised punching bags by, without limitation, causing consumers to believe (i) that the punching bag base has been determined by the United States Patent and Trademark Office to be new and useful and (ii) that the government of the United States granted Century the exclusive right to make punching bags with the utility of the advertised base.

26.     Despite a diligent search, Plaintiff was unable to locate any patent owned or otherwise affiliated with Defendant Century with claims that could be construed as protecting technology for the base of the punching bag shown in the aforementioned advertisement.  The Century punching bag base is marked with patent number US 5,624,358 ("'358 patent") and Counsel for Century has asserted that the claims of the '358 patent cover the advertised punching bags.  However, counsel for Plaintiff has reviewed that patent and it does not cover, nor could it be reasonably considered to cover, the advertised punching bag base.  Further, a Century sales representative stated to Plaintiff that the Wavemaster punching bags do not include a feature which is a required element of every claim in the '358 patent.  Notwithstanding, Defendant Century advertised the base as patented with knowledge that the advertised punching bags are not patented.

27.     Upon information and belief, Defendant Target advertised the Century punching bag base as patented with (i) actual knowledge that the advertised base is not patented or (ii) under a policy of refusing to confirm the patent status of products advertised as patented and with the knowledge of a high likelihood that at least a significant number of the hundreds of products advertised by it as being patented are not patented.

28.     Defendants Target and Century indicate in advertising that certain aspects of the Century punching bags are patented, when they are not, with actual and/or constructive knowledge of that fact, for the purpose of deceiving the public in violation of 35 U.S.C. §292.

29.     Further, Century marks its punching bag bases as being covered by US 5,624,358, when they are not, with actual knowledge of that fact, for the purpose of deceiving the public also in violation of 35 U.S.C. § 292.

30.     This cause of action relates to at least the following products of Century:  Century Wavemaster Super X 4-pc. Combo and Century Original Wavemaster.

## VI.     COUNT THREE

### FALSE MARKING PURSUANT TO 35 U.S.C. §292 REGARDING MAG INSTRUMENT MINI-MAGLITE

31.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-30 of this Complaint and further alleges as follows:

32.     Defendants Amazon.com and Wal-Mart each advertise, on their respective websites, Mag Instrument's Mini-Maglite as featuring a "patented candle mode."

33.     Upon information and belief, Defendants Amazon.com and Wal-Mart each created and posted the advertisements appearing on their respective websites related to the Mag Instrument Mini-Maglite.   Upon information and belief, Defendant Mag Instrument manufactures the advertised Mini-Maglite and was involved in the creation of the aforementioned advertisements.

34.     Upon information and belief, Defendants Amazon.com, Wal-Mart, and Mag Instrument advertised the Mini-Maglite as patented to increase sales of the advertised Mini-MagLite by, without limitation, causing consumers to believe that the government of the United

States continues to grant Mag Instrument the exclusive right to make flashlights with the advertised "candle mode".

35.     On information and belief, the Mini-Maglite was introduced over 25 years ago and has at all times since its introduction, included a "candle mode".  Accordingly, any valid claim covering the "candle mode" feature of the Mini-Maglite is necessarily long expired. Nonetheless, Defendant Mag Instrument indicates in advertising that the "candle mode" of the Mini-Maglite is patented with knowledge that it is not patented.

36.     Upon information and belief, Defendants Amazon.com and Wal-Mart advertise the Mag Instrument Mini-Maglite as patented with (i) actual knowledge that the advertised Mini-Maglite has been sold with the advertised feature for so long that it cannot be covered by a valid patent and (ii) under a policy of refusing to confirm the patent status of products advertised as patented and with the knowledge of a high likelihood that at least a significant number of the thousands of products advertised by them as being patented are not patented.

37.     Defendants Amazon.com, Wal-Mart and Mag Instrument advertised that certain aspects of the Mag Instrument Mini-Maglite are patented, when they are not, with actual knowledge of that fact, for the purpose of deceiving the public in violation of 35 U.S.C. §292.

38.     This cause of action relates to at least the following product of Mag Instrument: Mini-MagLite 2-Cell AA Flashlights in various colors and combinations.

## VII     COUNT FOUR

### FALSE MARKING PURSUANT TO 35 U.S.C. §292 REGARDING AMERICAN RECREATION PRODUCTS' SWISS GEAR TENTS

39.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-38 of this Complaint and further alleges as follows:

40.    Defendants Amazon.com and Wal-Mart each advertise, on their respective websites, certain ARP tents as featuring a "patented hoop rain fly awning" or a "patented hoop fly frame."

41.    Upon information and belief, Defendants Amazon.com and Wal-Mart each created and posted the advertisements appearing on their respective websites related to the ARP tents.  Upon information and belief, Defendant ARP manufactures the advertised tents and was involved in the creation of the aforementioned advertisements.

42.    Upon information and belief, Defendants Amazon.com, Wal-Mart, and ARP advertised the ARP tents as having a patented rain fly to increase sales of the advertised tents by, without limitation, causing consumers to believe (i) that the rain fly has been determined by the United States Patent and Trademark Office to be new and useful and (ii) that the government of the United States granted ARP the exclusive right to make tents with the utility of the advertised tent.

43.    Despite an exhaustive search, Plaintiff was unable to locate any patent owned or otherwise affiliated with Defendant ARP with claims that could be construed as protecting technology for the rain fly of the tent shown in the aforementioned advertisement.  The tent packaging is marked with two patent numbers: D478,645 and US 6,450,186.  However, counsel for Plaintiff has reviewed these patents and none of them covers, nor could they be reasonably considered to cover, the rain fly technology described in the advertising.  Based on said search and the patent markings on the packaging, Plaintiff believes, and thereupon alleges, that no such patent exists.  Notwithstanding, Defendant ARP advertised the technology for the rain fly as patented with knowledge that the advertised tent is not patented.

44.    Upon information and belief, Defendants Amazon.com and Wal-Mart advertised the ARP tents as patented with (i) actual knowledge that the advertised tents are not patented or

(ii) under a policy of refusing to confirm the patent status of products advertised as patented and with the knowledge of a high likelihood that at least a significant number of the hundreds or thousands of products advertised by them as being patented are not patented.

45.     Defendants Amazon.com, Wal-Mart and ARP advertised that certain aspects of the ARP tents are patented, when, in fact, they are not, with actual and/or constructive knowledge of that fact, for the purpose of deceiving the public in violation of 35 U.S.C. §292.

46.     Additionally, Defendant ARP marked product packaging for the advertised product with the patent D478,645, which does not and cannot reasonably be believed to cover the advertised product, for the purpose of deceiving the public in violation of 35 U.S.C. § 292.

47.     This cause of action relates to at least the following product of ARP:  Swiss Gear Cheval Sport Dome Tent.

## VIII    COUNT FIVE

### FALSE MARKING PURSUANT TO 35 U.S.C. §292 REGARDING BRIEL ESPRESSO MAKERS

48.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-47 of this Complaint and further alleges as follows:

49.     Defendants Amazon.com, Target and Wal-Mart each advertise, on their respective websites, certain Briel espresso makers as featuring a patented "Crema Master" filter.

50.     Upon information and belief, Defendants Amazon.com, Target, and Wal-Mart each created and posted the advertisements appearing on their respective websites related to the Briel espresso makers.

51.     Upon information and belief, Defendants Amazon.com, Target, and Wal-Mart advertised the Briel espresso makers as having a patented "Crema Mater" filter to increase sales of the advertised espresso makers by, without limitation, causing consumers to believe (i) that

the espresso makers include filters that have been determined by the United States Patent and Trademark Office to be new and useful and (ii) that the government of the United States granted the manufacturer of the Briel espresso makers the exclusive right to make espresso makers with the utility of the advertised espresso makers.

52.     Despite an exhaustive search, Plaintiff was unable to locate any patent owned or otherwise affiliated with Briel with claims that could be construed as protecting technology for an espresso filter.  Additionally, the neither advertised product nor product packaging is marked with any patent number.  Based on said search and lack of patent markings, Plaintiff believes, and thereupon alleges, that no such patent exists which covers the technology asserted in the advertisements.

53.     Upon information and belief, Defendants Amazon.com, Target, and Wal-Mart advertised the Briel espresso makers as having a patented filter with (i) actual knowledge that the advertised espresso makers are not patented or (ii) under a policy of refusing to confirm the patent status of products advertised as patented and with the knowledge of a high likelihood that at least a significant number of the hundreds or thousands of products advertised by them as being patented are not patented.

54.     Defendants Amazon.com, Target, and Wal-Mart indicate in advertising that certain aspects of Briel's espresso makers are patented, when, in fact, they are not, with actual and/or constructive knowledge of that fact, for the purpose of deceiving the public in violation of 35 U.S.C. §292.

55.     This cause of action relates to at least the following products of Briel:  Briel ES161ACTB Domus Due; Briel Multi Group Thermo Espresso; Briel Cadiz Espresso Machine.

## IX      COUNT SIX

### FALSE MARKING PURSUANT TO 35 U.S.C. §292 REGARDING THINKBABY
### BOTTLES OF DEFENDANT THINK OPERATIONS

56.      Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-55 of this Complaint and further alleges as follows:

57.      Defendants Amazon.com and Wal-mart each advertise, on their respective websites, certain Think Operations baby bottles as having a patented anti-colic, vented nipple.

58.      Upon information and belief, Defendants Amazon.com and Wal-Mart each created and posted the advertisements appearing on their respective websites related to the advertised baby bottles.  Upon information and belief, Defendant Think Operations manufactures the advertised bottles and was involved in the creation of the aforementioned advertisement.

59.      Upon information and belief, Defendants Amazon.com, Wal-Mart, and Think Operations advertised the Think Operations baby bottles as patented to increase sales of the advertised baby bottles by, without limitation, causing consumers to believe (i) that the baby bottles had been determined by the United States Patent and Trademark Office to be new and useful and (ii) that the government of the United States granted Think Operations the exclusive right to make baby bottles with the utility of the advertised baby bottles.

60.      Despite an exhaustive search, Plaintiff was unable to locate any patent owned or otherwise affiliated with Defendant Think Operations with claims that could be construed as protecting technology for a baby bottle with an anti-colic, vented nipple as asserted in the aforementioned advertisement.   Additionally, neither the advertised product nor product packaging is marked with any patent number.  Further, counsel for Think Operations has indicated that the baby bottles may be covered by patent protection in Taiwan but has not indicated that the baby bottles are patented in the U.S.  Based on said search and lack of patent

markings, Plaintiff believes, and thereupon alleges, that no patent exists which covers the technology asserted in the advertisements.   Notwithstanding, Defendant Think Operations advertised the baby bottles as patented with knowledge that the advertised baby bottles are not patented.

61.     Upon information and belief, Defendants Amazon.com and Wal-Mart advertised the Think Operations baby bottles as patented with (i) actual knowledge that the advertised baby bottles are not patented or (ii) under a policy of refusing to confirm the patent status of products advertised as patented and with the knowledge of a high likelihood that at least a significant number of the thousands of products advertised by them as being patented are not patented.

62.     Defendants Amazon.com, Wal-Mart and Think Operations indicate in advertising that certain aspects of Think Operations' baby bottles are patented, when, in fact, they are not, with actual and/or constructive knowledge of that fact, for the purpose of deceiving the public in violation of 35 U.S.C. §292.

63.     This cause of action relates to at least the following products of Think Operations: Thinkbaby 9oz Baby Bottles and Thinkbaby 5oz Baby Bottles.

## X     HARM CAUSE BY DEFENDANTS' FALSE MARKING

64.     Each of the following paragraphs is applicable to every cause of action Plaintiff alleges above.

65.     A United States Patent is a legal monopoly granted by the government of the United States ("U.S.") pursuant to the Constitution of the United States and statutes enacted by the United State Congress.   The legal monopoly is granted to inventors of "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof."   35 U.S.C. §101.

66.    The patent statutes passed by Congress, as interpreted by the Courts and implemented by the Department of Commerce, require an inventor to overcome significant substantive and procedural hurdles before being granted a patent monopoly.  The U.S. expends an incredible amount of resources ensuring that inventors have overcome those hurdles.  In 2009, the U.S. Patent and Trademark Office spent nearly $2 billion on operations, much of that going towards the examination of patent applications.

67.    Patent applicants seeking U.S. patent protection often hire patent agents and patent attorneys, at a typical rate of more than $10,000 per application, to draft, file and prosecute patent applications.  Those who are successful in obtaining a patent may spend many millions of dollars and utilize significant Court resources enforcing their patent rights.

68.    By advertising and labeling non-patented products and technology as patented, the Defendants seek to gain the advantages of the patent system without actually meeting the significant demands required by the system.  In doing so, the Defendants harm the U.S and taxpayers of the U.S. by, *inter alia*, (i) undermining the integrity of the patent system, which depends in part on people respecting the patent rights of others and which the U.S. spends billions of dollars to protect and (ii) by depriving the U.S. of revenue that would otherwise be generated through filing fees for original, continuation, and divisional applications, requests for continued examination, appeals, and the like.

69.    The Defendants harm consumers by leading them to believe that the falsely advertised and marked products have been determined by the U.S. to embody new and useful improvements when the U.S. has made no such determination.  Further, Defendants' conduct harms consumers by leading consumers to believe that the U.S. has granted a patent monopoly so that no other products may legally include the technology embodied in the advertised products.

15

70.     Plaintiff is an employee of a law firm specializing in intellectual property law. Among other aspects of intellectual property law, the firm helps inventors and their assignees obtain and protect patent rights.   Additionally, Plaintiff has for many years depended for a significant portion of family income on an attorney who has spent a large part of his career helping inventors and their assignees obtain and protect patent rights.   Accordingly, Plaintiff is harmed when Defendants, by falsely advertising and marking non-patented items as patented, undermine and circumvent the patent system.

## PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter judgment as follows:

a.     Declare that each Defendant has engaged in false marking in violation of 35 U.S.C. §292 as alleged above;

b.     Order each Defendant to pay a monetary fine of $500 per false marking offense or an alternative amount as determined by the Court, one-half of which shall be paid to the United States;

c.     Enjoin each Defendant from continuing the violations of 35 U.S.C. §292 as alleged above; and

d.     Grant Plaintiff such other relief as the Court may deem just and equitable.

Date:  April 27, 2010                                      Respectfully submitted,


                                                           /s/George Tompkins/_____
                                                           George M. Tompkins, TXBN 24029864
                                                           Tompkins P.C.
                                                           825 Market Street, Building M, Suite 250
                                                           Allen, Texas  75013
                                                           214-499-8866 (tel)
                                                           469-375-3969 (fax)
                                                           George@tompkinsiplaw.com

                                                           **ATTORNEY FOR PLAINTIFF**

16

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record, who are deemed to have consented to electronic service, are being served this 29th day of April 2010 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

_____/George M. Tompkins/_____