IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SARAH TOMPKINS, | § | |
| | § | **Civil Action No. 6:10-cv-00058-LED** |
| Plaintiff, | § | |
| | § | **JURY TRIAL DEMANDED** |
| ABLE PLANET INCORPORATED; | § | |
| AMAZON.COM, INC.; AMERICAN | § | |
| RECREATION PRODUCTS, INC.; | § | |
| CENTURY LLC; CENTURY MARTIAL | § | |
| ART SUPPLY, LLC; MAG | § | |
| INSTRUMENT, INC.; TARGET | § | |
| CORPORATION; THINK | § | |
| OPERATIONS, LLC; WAL-MART | § | |
| STORES, INC., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT AMAZON.COM'S MOTION TO DISMISS, STAY,
OR SEVER AND TRANSFER, AND SUPPORTING MEMORANDUM**

## TABLE OF CONTENTS

Page

MOTION..................................................................................................................... 1

MEMORANDUM ....................................................................................................... 1

I. INTRODUCTION ............................................................................................ 1

II. PLAINTIFF'S ALLEGATIONS ..................................................................... 4

III. THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FRCP 12(B)(6)
FOR FAILURE TO ALLEGE FACTS SHOWING A PURPOSE TO DECEIVE.......... 6

    A. False Marking Requires Knowledge And An Intent To Deceive ......................... 6

    B. Facts Must Be Alleged Plausibly
       Showing Knowledge And An Intent To Deceive .................................................. 8

    C. Plaintiff Has Failed To Allege Facts Showing That Amazon.com Knew The
       Alleged Products Were Unpatented And Intended To Deceive The Public .......... 9

    D. Dismissal Should Be With Prejudice ................................................................. 13

IV. THE COMPLAINT MUST ALSO BE DISMISSED ON OTHER GROUNDS ............ 13

    A. Deceptive Intent Is Not Pled With The Particularity Required By FRCP 9 (b) .. 13

    B. The Alleged Website Descriptions Are Not "Advertising" Under The Statute... 15

    C. Plaintiff Lacks Standing Because There Is No Cognizable Injury ..................... 16

       1. *Qui Tam* Actions Such As This Still Require Injury In Fact .................. 17

       2. Plaintiff Failed To Allege Injury In Fact ................................................ 18

V. IF NOT DISMISSED, THE CLAIMS AGAINST
AMAZON.COM SHOULD BE STAYED PENDING *STAUFFER* .............................. 19

    A. Other Courts Have Stayed False Marking Cases Pending *Stauffer* .................... 19

    B. A Stay Pending *Stauffer* Is Appropriate In This Case ........................................ 20

VI. ALTERNATIVELY, THE CLAIMS AGAINST AMAZON.COM
SHOULD BE SEVERED AND TRANSFERRED TO WASHINGTON...................... 22

VII. CONCLUSION.......................................................................................................... 24

AMAZON.COM'S MOTION TO DISMISS, STAY, OR SEVER AND TRANSFER

TABLE OF AUTHORITIES

Page

**Cases**

*Accent Designs, Inc. v. Jan Jewelry Designs, Inc.*,
    827 F.Supp. 957 (S.D.N.Y.1993) .................................................. 15
*Ashcroft v. Iqbal*,
    556 U.S. _ , 129 S.Ct. 1937 (2009).......................................... passim
*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007).................................................................. 8
*Brinkmeier v. Graco*,
    2010 WL 545896 (D. Del. Feb. 16, 2010) ........................... 11, 14
*Brose v. Sears, Roebuck and Co.*,
    455 F.2d 763 (5th Cir.1972) .................................................... 8
*Central Admixture Pharmacy Services, Inc. v. Advanced Cardiac Solutions, P.C.*,
    2006 WL 4448613 (N.D. Ala. 2006) ...................................... 13
*Clontech Laboratories, Inc. v. Invitrogen Corp.*,
    406 F.3d 1347 (Fed. Cir. 2005)........................................... passim
*Exergen Corp. v. Wal-Mart Stores, Inc.*,
    575 F.3d 1312 (Fed. Cir. 2009)........................................... 13, 14
*Forest Group v. Bon Tool*,
    590 F.3d 1295 (Fed. Cir. 2009)............................................. 6, 9
*Heathcote Holdings Corp., Inc. v. Church & Dwight Co. Inc.*,
    No. 2:08 Civ. 00349-TJW (E.D. Tex. Oct. 5, 2009)................. 4, 20
*Hollander v. Timex Group USA, Inc.*,
    No. 10-429-BMS (E.D. Pa. May 5, 2010) ............................... 20
*i4i Ltd. Partnership v. Microsoft Corp.*,
    670 F.Supp.2d 568 (E.D. Tex. 2009)...................................... 20
*In re Genentech, Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009).............................................. 22
*In re Nintendo Co., Ltd.*,
    589 F.3d 1194 (Fed. Cir. 2009).............................................. 22
*In re Volkswagon of America, Inc.*,
    545 F.3d 304 (5th Cir. 2008) ................................................. 22
*Inventorprise, Inc. v. Target Corp.*,
    2009 WL 3644076 (N.D. N.Y. Nov. 2, 2009) ................ 3, 10, 11, 15
*Juniper Networks v. Shipley*,
    2009 WL 1381873 (N.D. Cal. May 14, 2009) ........................ 3, 13
*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936)............................................................... 20
*London v. Everett H. Dunbar Corporation*,
    179 F. 506 (1st Cir.1910)......................................................... 7
*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)............................................................... 17

AMAZON.COM'S MOTION TO DISMISS, STAY, OR SEVER AND TRANSFER

*Norton v. Curtiss*,
    57 C.C.P.A. 1384, 433 F.2d 779 (1970) ............................................................ 8
*Pequignot v. Solo Cup Co.*,
    640 F.Supp.2d 714 (S.D. N.Y. 2009); Appeal No. 2009-1547 .......................... 20
*Public Patent Foundation, Inc. v. Glaxosmithkline Consumer Healthcare, L.P.*,
    No. 09 Civ. 5881-RMB (S.D. N.Y. Feb. 17, 2010) ...................................... 4, 19
*PureChoice, Inc. v. Honeywell Intern., Inc.*,
    2007 WL 1189844 (E.D. Tex. Apr. 20, 2007) .............................................. 21
*San Francisco Technology, Inc. v. Adobe Systems Inc., et al.*,
    No. 09-6083 (RS) (N.D. Cal. Apr. 13, 2010) .................................... 4, 19, 21
*Seven Cases of Eckman's Alterative v. United States*,
    239 U.S. 510 (1916) ................................................................................ 6, 8
*Shifferaw v. Emson USA, et al.*,
    2010 WL 1064380 (E.D. Tex. Mar. 18, 2010) ............................................... 24
*Summers v. Earth Island Inst.*,
    _ U.S. _, 129 S.Ct. 1142 (2009) ............................................................... 17
*Vermont Agency of Natural Resources v. United States ex rel. Stevens*,
    529 U.S. 765 (2000) .................................................................................. 17
*Zojo Solutions, Inc. v. Leviton Manufacturing*,
    No. 10 Civ. 0881 (N.D. Ill. Apr 21, 2010) .................................................... 20

## Statutes

28 U.S.C. §1404 ............................................................................................. 1
35 U.S.C. § 287 ........................................................................................... 12
35 U.S.C. § 292 ....................................................................................... passim

## Rules

Fed. R. Civ. P. 8 ..................................................................................... 8, 9, 14
Fed. R. Civ. P. 9 ..................................................................................... passim
Fed. R. Civ. P. 12 ......................................................................................... 1
Fed. R. Civ. P. 21 ......................................................................................... 1

AMAZON.COM'S MOTION TO DISMISS, STAY, OR SEVER AND TRANSFER

## MOTION

Defendant Amazon.com, Inc. ("Amazon.com") moves pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 9(b) to dismiss all claims against it in Counts One, Three, Four, Five, and Six of Plaintiff Tompkins' Second Amended Complaint (Dkt 40, "SAC").

Alternatively, Amazon.com moves to stay the action against it pending the Federal Circuit's decision in *Stauffer*, an appeal of a District Court decision holding that a plaintiff has no standing in a false patent marking suit when (as here) there is no particularized injury. Also in the alternative, Amazon.com moves pursuant to Fed. R. Civ. P. 21 and 28 U.S.C. §1404 to sever and transfer the claims against it to the Western District of Washington, where its principal place of business is located and witnesses are located regarding the alleged conduct by Amazon.com.

## MEMORANDUM

## I.    INTRODUCTION

Plaintiff does not allege that Amazon.com *originated* the alleged mis-marking, *made* the alleged products, or *owns* the alleged patents.

Plaintiff essentially alleges that Amazon.com relies on *product manufacturers'* alleged descriptions of *their own* products as patented – a practice allegedly shared by Wal-Mart and Target, and presumably shared by thousands of others companies in the retail, advertising, promotion and distribution chain. It would be extremely expensive and inefficient for thousands of companies in that chain to *not* rely on manufacturers' descriptions of their products as patented. Plaintiff does not allege a factual basis for concluding that such reliance is unreasonable, and certainly not fraudulent, either generally or for the products in suit.

By statute, false marking is actionable only if done "for the purpose of deceiving the public." *See* 35 U.S.C. § 292:

AMAZON.COM'S MOTION TO DISMISS, STAY, OR SEVER AND TRANSFER

Whoever … uses in advertising in connection with any unpatented article, the word 'patent' … <u>for the purpose of deceiving the public</u> . . . [s]hall be fined not more than $500 for every such offense.

"[H]onest, though mistaken, mismarking of an article would not trigger liability under the statute." *Clontech Laboratories, Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005):

[T]he Court of Appeals for the Fifth Circuit adopted the formulation that <u>an honest, though mistaken, mismarking of an article would not trigger liability under the statute</u>.   [Citation omitted.]   <u>We see no reason to interpret the statute differently</u> to render it a statute of strict liability for mismarking.   Intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is true.

Plaintiff's allegations, if true, at most show that Amazon.com made an honest mistake as to *five* of "thousands" of items described as patented on its website.   It is implausible that Amazon.com intentionally mis-marked the few alleged items out of thousands "for the purpose of deceiving the public."   Plaintiff alleges no factual basis showing such deceptive intent.

Accordingly, the claims against Amazon.com should be dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6).   *See Ashcroft v. Iqbal*, 556 U.S. _ , 129 S.Ct. 1937, 1950 (2009) (conclusory and speculative allegations fail to state a claim).

Dismissal should be with prejudice because Plaintiff has already amended her complaint twice.   Plaintiff admits that "[t]he amendments in Plaintiff's Second Amended Complaint were made in part to address deficiencies alleged in Wal-Mart's motion to dismiss" (Dkt 42).   Wal-Mart's motion raised this very issue (Dkt 30).   Plaintiff's complaint is clear that her claims against Amazon.com are based merely on an incomplete search of patent office assignment records and her erroneous legal contention that the marking statute imposes on all retailers a duty to independently verify manufacturers' patent markings.   Plaintiff's claims are wrong on the law, in addition to being admittedly speculative as to the facts, so further amendment would be futile.

AMAZON.COM'S MOTION TO DISMISS, STAY, OR SEVER AND TRANSFER

Dismissal is also proper on the following alternative grounds:

- The complaint fails to satisfy the heightened pleading standards for fraud under Rule 9(b), which apply to false marking claims because statute requires a specific intent to deceive the public. *See Juniper Networks v. Shipley*, 2009 WL 1381873 *4 (N.D. Cal. May 14, 2009) ("the false marking statute is a fraud-based claim, which is subject to the pleading requirements of 9(b)").

- The complaint fails to allege facts showing that Amazon.com "advertised" the products in the sense required by the false marking statute.  The complaint alleges that Amazon.com's website describes the products as patented, and alleges in conclusory fashion that those descriptions are "advertisements.'  But they are not "advertisements" in the sense intended by the statute, because they are not broadcast to the general public.  Rather, they are promotional statements that the statute does not cover.  *See Inventorprise, Inc. v. Target Corp.*, 2009 WL 3644076 (N.D. N.Y. Nov. 2, 2009).

- The complaint fails to allege standing under Rule 12(b)(1), because it fails to plead a particularized injury.  *See Stauffer v. Brooks Bros.*, 615 F.Supp.2d 248, 255 (S.D.N.Y. 2009) (plaintiff "lacks standing to proceed" with false marking claim where he fails to "allege that defendants' conduct has caused an actual or imminent injury in fact to competition, to the United States economy, or the public that could be assigned to him as a *qui tam* plaintiff.").

If the claims against Amazon.com are not dismissed, they should be stayed pending a decision in *Stauffer,* a case currently on appeal and fully briefed to the Federal Circuit (Appeal Nos. 2009-1428, -1430, -1453).  Several district courts have stayed similar false marking cases

AMAZON.COM'S MOTION TO DISMISS, STAY, OR SEVER AND TRANSFER

pending a decision on that appeal.  *See, e.g., Public Patent Foundation, Inc. v. Glaxosmithkline Consumer Healthcare, L.P.*, No. 09 Civ. 5881-RMB (S.D. N.Y. Feb. 17, 2010); *Heathcote Holdings Corp., Inc. v. Church & Dwight Co. Inc.*, No. 2:08 Civ. 00349-TJW (E.D. Tex. Oct. 5, 2009); *San Francisco Technology, Inc. v. Adobe Systems Inc., et al.*, No. 09-6083 (RS) (N.D. Cal. Apr. 13, 2010).

Finally, if the claims against Amazon.com are not dismissed or stayed, they should be severed and transferred to the Western District of Washington, where Amazon.com is headquartered.  The allegations focus on Amazon.com's conduct and intent, with no pertinent witnesses in Texas.  Washington is clearly a more convenient venue, with easier access to sources of proof and a lower cost of attendance for willing witnesses.  Amazon.com has a legitimate interest in having this localized controversy decided in its home state.

## II.  <u>PLAINTIFF'S ALLEGATIONS</u>

The following allegations from count one in the Second Amended Complaint are representative of all Plaintiff's claims against Amazon.com:

12.  Defendants Amazon.com and Wal-Mart each advertise thousands of items sold through their respective websites (amazon.com and walmart.com) as being patented. Defendant Target advertises hundreds of items sold through its website (target.com) as being patented.

13.  On information and belief, Defendants Amazon.com, Target and Wal-Mart do not make any independent attempt to determine whether products advertised on their websites as patented are, in fact, patented.

IV. COUNT ONE

14.  Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-13 of this Complaint and further alleges as follows:

15.  Defendants Amazon.com, Target, and Wal-Mart each advertise, on their
respective websites, Able Planet Noise Canceling Headphones as having "Patented LINX Audio" technology.

AMAZON.COM'S MOTION TO DISMISS, STAY, OR SEVER AND TRANSFER

16.   Upon information and belief, Defendants Amazon.com, Target, and Wal-Mart each created and posted the advertisements appearing on their respective websites related to the Able Planet headphones. Upon information and belief, Defendant Able Planet manufactures the advertised headphones and was involved in the creation of the aforementioned advertisements.

17.   Upon information and belief, Defendants Amazon.com, Target, Wal-Mart, and Able Planet advertised the Able Planet headphones as patented to increase sales of the advertised headphones by, without limitation, causing consumers to believe (i) that the headphones had been determined by the United States Patent and Trademark Office to be new and useful and (ii) that the government of the United States granted Able Planet the exclusive right to make headphones with the utility of the advertised headphones.

18.   Despite a diligent search,[fn 1] Plaintiff was unable to locate any patent owned or otherwise affiliated with Defendant Able Planet with claims that could be construed as protecting technology for the advertised headphones. Counsel for Defendant Able Planet has proffered several patents, which it claims cover the advertised headphones. However, counsel for Plaintiff has reviewed these patents and none of them cover, or could be reasonably considered to cover, the advertised headphones. Defendant Able Planet advertised the headphones as patented with knowledge that the advertised headphones are not patented.

[fn 1] Plaintiff has limited the search to U.S. patents as Plaintiff believes that 35 U.S.C. §292 requires the marked on advertised products to be protected by U.S., rather than foreign, patents. Further, Plaintiff recognizes that applicable patents may be licensed or assigned, but that such license or assignment may not be recorded with the U.S. Patent and Trademark Office. Plaintiff encourages any Defendant who believes that it or its supplier owns or is licensed under a valid patent covering the marked or advertised product to provide evidence of such ownership or license prior to the answer date so that Plaintiff may dismiss any relevant claims, if appropriate.

19.   Upon information and belief, Defendants Amazon.com, Target, and Wal-Mart advertised the Able Planet headphones as patented with (i) actual knowledge that the advertised headphones are not patented or (ii) under a policy of refusing to confirm the patent status of products advertised as patented and with the knowledge of a high likelihood that at least a significant number of the hundreds or thousands of products advertised by them as being patented are not patented.

AMAZON.COM'S MOTION TO DISMISS, STAY, OR SEVER AND TRANSFER

## III.   THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FRCP 12(B)(6) FOR FAILURE TO ALLEGE FACTS SHOWING A PURPOSE TO DECEIVE

### A.   False Marking Requires Knowledge And An Intent To Deceive

Section 292 is not a strict liability statute.  *Clontech Laboratories, Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005).  Plaintiff must allege facts showing not only that the statements at issue are false, but also that Amazon.com knew it and made them "for the purpose of deceiving the public."  *See* 35 U.S.C. § 292 and *Forest Group v. Bon Tool*, 590 F.3d 1295, 1300 (Fed. Cir. 2009) (emphasis added):

> The two elements of a § 292 false marking claim are (1) marking an unpatented article and (2) **intent to deceive the public**. *See Clontech Labs. Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005). "Intent to deceive is a state of mind arising when a party **acts with sufficient knowledge that what it is saying is not so and** consequently that **the recipient of its saying will be misled** into thinking that the statement is true." *Id.* (citing *Seven Cases of Eckman's Alterative v. United States*, 239 U.S. 510, 517–18 (1916))….

*Clontech* and *Forest Group* are the leading Federal Circuit false marking cases, and both involve *manufacturers* marking *their own products* with *their own patents*.  Even so, the Court found evidence of an intent to deceive only when the manufacturers had compelling reason to know their marking was false.  In *Forest Group*, the plaintiff Forest Group brought a patent infringement action against the defendant Bon Tool, which counterclaimed for false marking.  The district court found the patent valid, but not infringed by Bon Tool.  On the counterclaim, the court found that Forest Group's own products were falsely marked, as they did not meet all claim limitations of its own patent.  Forest Group was founded by one of the inventors on the patent, but the court found that even so it did not know that its product was falsely marked until another court granted summary judgment of non-infringement in a related suit on the same patent.  The court held that Forest Group violated the statute only when it continued to order

products manufactured with the patent marking after that court ruling.  The Federal Circuit affirmed those rulings.

*Clontech* also involved claims against a manufacturer, Invitrogen (formerly Life Technologies), accused of falsely marking its own products with its own patents.  The district court, in finding that the products were falsely marked, found an intent to deceive based in part on Invitrogen experiments that arguably indicated that some of its products did not meet all claim limitations.  The Federal Circuit reversed on that point, finding the experiments inconclusive and so insufficient to show deceptive intent, stating:  "Thus, the issue is whether the results of the 2000 experiments should have disabused Invitrogen of any good faith belief it harbored concerning the RNase H activity of SS and SSII.  Viewing the testimony and evidence as a whole, we are firmly convinced the court erred in deciding that the results of the 2000 experiments put Invitrogen 'on notice that its products were not covered by the patents in suit.'" 406 F.3d at 1355.  The Federal Circuit held that the marking statute does not impose strict liability, nor liability for honest mistakes.  *See* 406 F.3d at 1352-3:

> Assuming an article is mismarked as "patented" because the claims of the cited patent do not read on the article, the question arises whether more is required by way of proof to establish that the mismarking is for the purpose of deceiving the public. That is, should the statute be read to cause all actual mismarking to be subject to the civil fine?

> This question has been addressed and answered in other circuits. For example, the Court of Appeals for the First Circuit long ago interpreted a predecessor statute in *London v. Everett H. Dunbar Corporation*, 179 F. 506 (1st Cir.1910). The earlier statute outlawed marking an unpatented article with the word "patent" for the purpose of deceiving the public. The First Circuit recognized, even then, that interpreting claims is not an exact science, and that consequently where one "has an honest, though mistaken, belief that upon a proper construction of the patent it covers the article which he marks," the requisite intent to deceive the public would not be shown. *Id.* at 510. Years later, the Court of Appeals for the Fifth Circuit adopted the formulation that an honest, though

mistaken, mismarking of an article would not trigger liability under the statute. *See Brose v. Sears, Roebuck and Co.*, 455 F.2d 763, 768-69 (5th Cir.1972).

> We see no reason to interpret the statute differently to render it a statute of strict liability for mismarking. Intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is true. *Seven Cases v. United States*, 239 U.S. 510, 517-18, 36 S.Ct. 190, 60 L.Ed. 411 (1916). Intent to deceive, while subjective in nature, is established in law by objective criteria. Id. Thus, "objective standards" control and "the fact of misrepresentation coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the inference that there was a fraudulent intent." *See Norton v. Curtiss*, 57 C.C.P.A. 1384, 433 F.2d 779, 795-96 (1970). Thus, under such circumstances, the mere assertion by a party that it did not intend to deceive will not suffice to escape statutory liability. Such an assertion, standing alone, is worthless as proof of no intent to deceive where there is knowledge of falsehood. But in order to establish knowledge of falsity the plaintiff must show by a preponderance of the evidence that the party accused of false marking did not have a reasonable belief that the articles were properly marked (i.e., covered by a patent). Absent such proof of lack of reasonable belief, no liability under the statute ensues.

Thus, the false marking statute by its terms, and as applied in the leading Federal Circuit cases, requires a clear showing of deceptive intent.

**B.     Facts Must Be Alleged Plausibly**
**Showing Knowledge And An Intent To Deceive**

For a complaint to satisfy Fed. R. Civ. P. 8(a), its allegations must rise "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*"). "[A] formulaic recitation of a cause of action's element will not do." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal et al.*, 556 U.S. _, 129 S.Ct. 1937, 1949-50 (2009) ("*Iqbal*") (citing *Twombly* at 556).

AMAZON.COM'S MOTION TO DISMISS, STAY, OR SEVER AND TRANSFER

Where factual allegations "do not permit the court to infer more than the mere possibility of misconduct, the complaint has **alleged**-but it has not '**show[n]**'-that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)) (emphasis added).  The federal pleading standard "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal* at 1950.

### C.   Plaintiff Has Failed To Allege Facts Showing That Amazon.com Knew The Alleged Products Were Unpatented And Intended To Deceive The Public

Plaintiff has not alleged the kind of facts the Federal Circuit has previously found sufficient to establish false marking with a specific intent to deceive the public, such as a *manufacturer* continuing to mark *its own product* as covered by *its own patents* after a *contrary summary judgment ruling*, *Forest Group v. Bon Tool*, 590 F.3d 1295 (Fed. Cir. 2009), or *a manufacturer* mismarking *its own products admittedly* without a belief that its patents covered them, *Clontech,* 406 F.3d 1347 (Fed. Cir. 2005).  On the contrary, here Plaintiff alleges that at least several manufacturers have identified patents that they contend cover their products.  *See, e.g.,* SAC ¶¶ 18, 26 ("Counsel for Able Planet has proffered several patents, which it claims cover the advertised headphones"; "Counsel for Century has asserted that the claims of the '359 patent cover the advertised punching bags").

Plaintiff admits that Amazon.com did not manufacture the items at issue.  *See* SAC ¶¶ 16 and 21 (headphones manufactured by Able Planet), 33 and 38 (flashlight manufactured by Mag Instrument), 41 and 47 (tent manufactured by ARP), 49 and 55 (espresso machine manufactured by or for Briel); 58 and 63 (baby bottles manufactured by Think Operations).  In the leading Federal Circuit cases to date, only *manufacturers* were found liable for false marking.  *See Forest Group* and *Clontech, supra*.

Plaintiff's primary allegation, that Amazon.com failed to "independent[ly] … determine whether" *five* of "thousands of items sold through [Amazon.com's] website[] (amazon.com … ) as being patented" *may* be mis-described (she allegedly is unsure) (SAC ¶¶ 12, 13, 19, 36, 44, 53, and 61),[1] at most alleges an honest mistake.  It does not suffice to state a claim that Amazon.com mis-described those few products for the specific "purpose of deceiving the public."

Indeed, Plaintiff's allegations support the far more plausible inference that Amazon.com *did not* intend to deceive the public.  Plaintiff's allegation that Amazon.com and other retailers "advertise thousands of items sold through their respective websites [ ] as being patented" (SAC at ¶ 12) suggests that Amazon.com did not have specific knowledge that the few alleged product descriptions were not true.  Plaintiff's allegation that Amazon.com and other retailers "do not make any independent attempt to determine whether products advertised on their websites as patented are, in fact, patented" (SAC at ¶ 13) admits that Amazon.com did not have specific knowledge that the alleged product descriptions were untrue.

Other District Courts faced with similarly groundless and speculative false marking claims are dismissing them on the pleadings, primarily for failure to allege facts sufficient to show intent to deceive the public.  *See Inventorprise, Inc. v. Target Corp.*, 2009 WL 3644076, *5-6, 7 (N.D. N.Y. Nov. 2, 2009) (finding that "it is mere supposition to conclude that . . . [the retailer] . . . knew that the Product was not patented [and] [i]t is even more speculative to conclude that . . . [the retailer] . . . offered the Product for sale in the packaging provided by [the

---

1 Her alternative allegations (on "information and belief") that Amazon.com acted with "actual knowledge that the [products] are not patented" and "for the purpose of deceiving the public" (*e.g.*, SAC ¶¶ 19, 20, 37, 46, 54, and 62) are mere conclusions that do not suffice to state a claim.  *See Iqbal*, 129 S.Ct. at 1949-50.

AMAZON.COM'S MOTION TO DISMISS, STAY, OR SEVER AND TRANSFER

manufacturer] with the specific intent to deceive the public," and dismissing complaint for "fail[ure] to set forth sufficient facts to establish a plausible claim that, by selling the Product with a false patent number on the back of its package, Target acted with the intent to deceive the public"); *Brinkmeier v. Graco*, 2010 WL 545896, *4 (D. Del. Feb. 16, 2010) (dismissing false marking claim where allegations "do not supply enough factual matter to suggest an intent to deceive, and amount to nothing more than the 'mere labels and conclusions' prohibited by *Twombley*"). The allegation that Amazon.com acted with a specific intent to deceive the public as to sales of these few products is implausible and completely devoid of merit. *See Target*, 2009 WL 3644076 *2.

The requirement that a plaintiff allege facts plausibly showing a "purpose of deceiving the public" protects retailers and others in the distribution, advertising and promotion chain from groundless lawsuits merely because they pass on manufacturers' descriptions of products as patented. Nothing in the statute requires everyone in the retail chain to independently verify manufacturers' patent markings, and for good reason: It would be enormously expensive, duplicative and wasteful for thousands of retailers, advertisers and promoters to each independently verify manufacturers' patent claims for thousands of products on the mere possibility that a few may be mis-described. Under Plaintiff's proposed reading of Section 292, a newspaper, magazine or television station could not run an advertisement created by a product manufacturer without independently verifying the patent claims or risking a suit for false marking. Neither the terms nor the spirit of the false marking statute support such a broad imposition of liability for mere republication of manufacturers' descriptions of their own products as patented.

The requirement that a plaintiff allege facts plausibly showing a "purpose of deceiving the public" also promotes the statutory goal of encouraging patentees to mark their products. *See* 35 U.S.C. § 287(a) (marking product with patent number may be required to obtain past damages).  Companies in the distribution, advertising and promotion chain will simply refuse to describe any product as "patented," regardless of manufacturers' assurances, if that were necessary to avoid the expense and uncertainty of "independently" determining patent validity and scope.

Even Plaintiff does not unequivocally allege that *any* item is mismarked.[2]  Her investigation was admittedly limited, as she did not search foreign patents, the assignment records she allegedly searched are incomplete and she has not fully discussed the matter with the products' manufacturers.  *See, e.g.,* SAC ¶ 18 fn. 1:

> Plaintiff has limited the search to U.S. patents … rather than foreign, patents. Further, Plaintiff recognizes that applicable patents may be licensed or assigned, but that such license or assignment may not be recorded with the U.S. Patent and Trademark Office.  Plaintiff encourages any Defendant who believes that it or its supplier owns or is licensed under a valid patent covering the marked or advertised product to provide evidence of such ownership or license prior to the answer date so that Plaintiff may dismiss any relevant claims, if appropriate.

Accordingly, Plaintiff's claims against Amazon.com should be dismissed under Fed. R. Civ. Proc. 12(b)(6) for failure to plead facts sufficient to show that Amazon.com described the alleged products as patented "for the purpose of deceiving the public."  The Supreme Court recently required dismissal where a plaintiff failed to allege facts that "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950.  That is the case here.

---

2 Plaintiff admits she was mistaken as to one originally accused product. *See Plaintiff's Notice of Voluntary Dismissal With Prejudice As To Defendant Morningware, Inc.* [Dkt 4] at p. 2 ("Counsel for Plaintiff has reviewed the '250 patent and … believes the '250 patent could reasonably be construed to cover the claims made in the advertisements cited in Plaintiff's Original Complaint.  Accordingly, Plaintiff hereby dismisses with prejudice … Counter Three").

AMAZON.COM'S MOTION TO DISMISS, STAY, OR SEVER AND TRANSFER

### D.    <u>Dismissal Should Be With Prejudice</u>

Plaintiff has already amended her complaint twice.  "The amendments in Plaintiff's Second Amended Complaint were made in part to address deficiencies alleged in Wal-Mart's motion to dismiss," (Dkt 42), which included Plaintiff's failure to allege facts showing an intent to deceive the public (Wal-Mart motion, Dkt 30).

Further amendment would be futile.  Plaintiff's amendments to date have made clear that her claims are based on speculation and implausible inferences, and an effort to have this Court impose on all companies in the retail, advertising and promotion chain a duty to independently determine patent validity and scope that is flatly inconsistent with the marking statutes.

Accordingly, dismissal should be with prejudice.

## IV.    <u>THE COMPLAINT MUST ALSO BE DISMISSED ON OTHER GROUNDS</u>

### A.    <u>Deceptive Intent Is Not Pled With The Particularity Required By FRCP 9 (b)</u>

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  False marking claims under § 292 are fraud-based because the statute is violated only if one acts "for the purpose of deceiving the public."  *See Juniper Networks v. Shipley*, 2009 WL 1381873 *4 (N.D. Cal. May 14, 2009) ("the false marking statute is a fraud-based claim, which is subject to the pleading requirements of 9(b)"); *Central Admixture Pharmacy Services, Inc. v. Advanced Cardiac Solutions, P.C.*, 2006 WL 4448613 (N.D. Ala. 2006) (same).  While the Federal Circuit has not yet addressed whether § 292 claims are subject to Rule 9(b), it has held that inequitable conduct claims are subject to Rule 9(b) because they require "intent to deceive."  *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009).  It has also held that false marking claims require "intent to deceive."  *See Clontech Laboratories, Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005).  Therefore, § 292 claims should be subject to Rule 9(b).

AMAZON.COM'S MOTION TO DISMISS, STAY, OR SEVER AND TRANSFER

Plaintiff's complaint fails to satisfy Rule 9(b) because it fails to state with particularity the circumstances of Amazon.com's alleged fraud. "Rule 9(b) requires identification of the specific who, what, when, where, and how" of the alleged fraud, and "requires that the pleadings allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Exergen Corp.*, 575 F.3d at 1327. As argued above, Plaintiff's allegations are boilerplate, and fail to allege facts showing that Amazon.com knew the products were not patented and acted for the purpose of deceiving the public. On the contrary, her main allegation is that: "On information and belief, Defendants Amazon.com, Target and Wal-Mart do not make any independent attempt to determine whether products advertised on their websites as patented are, in fact patented." SAC at ¶ 13. That fails to state a claim under either Rule 8(a) or 9(b).

Even in a claim against a manufacturer who originated a patent marking on its own product, it is insufficient to merely allege in conclusory fashion that the manufacturer "knows, or should know" the product is mis-marked. For example, in *Brinkmeier v. Graco*, false marking claims relating to nine patents were dismissed where the plaintiff alleged merely that the manufacturer "cannot have any reasonable belief that such products are protected by such patents" and "knows, or should know" of the mis-marking. The Court found the complaint "implausible on its face" and inadequate under Rule 9(b) *or* 8(a)). *Brinkmeier v. Graco*, 2010 WL 545896, *4 (D. Del. Feb. 16, 2010). The only claim to survive the motion to dismiss specifically alleged that the patent on the marking had been asserted in multiple infringement suits and the product marking had been revised three times since the patent expired. *Id.* at *4.

Plaintiff alleges *nothing* specific from which a court could reasonably infer that Amazon.com knew the alleged products were mis-marked and acted for the purpose of deceiving

the public.  On the contrary, the allegations remain conclusory.  *See* SAC at ¶ 20, 37, 45, and 62

(alleging that Amazon.com acted "with actual and/or constructive knowledge" that the products

were unpatented "for the purpose of deceiving the public").

Accordingly, the complaint must be dismissed for failure to satisfy the heightened

pleading requirements of Fed. R. Civ. P. 9(b).

### B.    The Alleged Website Descriptions Are Not "Advertising" Under The Statute

In *Inventorprise, Inc. v. Target Corp.*, the court held that patent markings on product

packaging are not "uses in advertising" in the limited sense intended by § 292.  It held that

"advertising" under the statute excludes mere "promotions" and offers for sale of the mis-marked

products.  Rather, by "advertising," the statute primarily means "printed or broadcast paid

announcements."  See *Inventorprise*, 2009 WL 3644076 *4-5 (N.D. N.Y. Nov. 2, 2009).

> Turning first to the "use in advertising" element, the express language of §
> 292(a) requires that there "be a nexus between the defendant's marking, affixing
> or using of a patent *and* the advertising of the product."  [Citation omitted.]  The
> term "advertising" implies an act soliciting the general public regarding the
> product.  *See id*.  Because "advertising" is not defined in the statute, the plain
> meaning of the term provides guidance as to its definition.  "'Advertising' is
> defined as 'the action of calling something ... to the attention of the public
> esp[ecially] by means of printed or broadcast paid announcements.'"  *Chamilia*,
> 2007 U.S. Dist. LEXIS 71246, at *29, 2007 WL 2781246 (quoting Webster's
> Third New International Dictionary (1993)).

> … Promotion and advertising are distinct terms.  "[A]dvertising is
> generally understood to consist of widespread communication through print or
> broadcast media," whereas promotion "may take other forms of publicity used in
> the relevant industry, such as displays at trade shows and sales presentations to
> buyers."  *Fashion Boutique*, 314 F.3d at 57.

> [U]nlike the Lanham Act, Section 292 applies only to
> "advertising;" it does not encompass "promotion."  Thus, "the expression
> 'uses in advertising' cannot refer to any and all documents by which the
> word 'patent' is brought to the attention of the public; it can only refer to
> use of the word 'patent' in publications which are designed to promote the
> allegedly unpatented product, namely, advertisements."  [*Accent Designs,
> Inc. v. Jan Jewelry Designs, Inc.*, 827 F.Supp. 957, 968-69 968
> (S.D.N.Y.1993)].

AMAZON.COM'S MOTION TO DISMISS, STAY, OR SEVER AND TRANSFER

*Chamilia*, 2007 U.S. Dist. LEXIS 71246, *29-*30, 2007 WL 2781246.

> Here, the alleged "advertisement" of the false patent number appears on the back of the package that holds the "Closet Cedar Storage Accessories Set." … To view the patent mark, an individual must remove the package from the rod and turn it over.

> This marking does not constitute "advertising" within the meaning of § 292(a). The printed words on the backside of the packaging do not constitute a "printed ... paid announcement" intended to call the public's attention of the Product. Further, there is no nexus between the marking and an act of solicitation of the general public to purchase the Product….

> There is also no merit to Plaintiff's contention that the mere act of offering a mis-marked product for sale in a retail store brings the matter within the purview of the "in advertising" provision of § 292(a). Congress has, in other patent statutes, imposed liability for the sale of items that infringe the patent law. … [T]he inclusion of the term "advertising" and the exclusion of the terms "to sell" or "sells" leads to the conclusion that Congress intended the "use in advertising" provision of § 292(a) to address acts of broadcasting false patent information to the general public, not to impose liability on retailers who merely sell mis-marked products.

For purposes of § 292, the accused product descriptions on Amazon.com's website are promotions, not "advertising." They are available to buyers who seek out the information, but are not broadcast to the general public.

Plaintiff's complaint fails to allege facts supporting her conclusion that the statements were "use[d] in advertising." Her only specific allegation is to product pages on Amazon.com's website, and those are not advertising in the narrow sense intended by the statute. Accordingly, her claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

### C.   Plaintiff Lacks Standing Because There Is No Cognizable Injury

This Court should follow *Stauffer v. Brooks Brothers, Inc.*, 615 F.Supp.2d 248 (S.D.N.Y. 2009) and dismiss Plaintiff's complaint for lack of injury in fact and, therefore, standing. Injury in fact is a constitutional requirement of standing for all actions, including *qui tam* actions.

AMAZON.COM'S MOTION TO DISMISS, STAY, OR SEVER AND TRANSFER

Without injury in fact, Plaintiff has no Article III standing, the Court does not have subject matter jurisdiction and this case must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### 1.    *Qui Tam* Actions Such As This Still Require Injury In Fact

Section 292 is a *qui tam* statute. *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 768 n.1 (2000) (including 35 U.S.C. § 292 in a list of *qui tam* statutes). Typical of a *qui tam* statute, § 292 provides that "any person" may sue for damages and retain one half of any penalties assessed against the defendant while the other half is awarded to the United States. 35 U.S.C. § 292(b). A *qui tam* plaintiff, called a relator, need not herself have suffered injury, but is by statute "assigned" the government's right to sue where the government or the public has been injured. *Vermont Agency*, 529 U.S. at 774. However, the *qui tam* statutory scheme does not waive the Constitution's jurisdictional requirement that there be a case or controversy. "It makes no difference that the procedural right has been accorded by Congress. . . . the requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute." *Summers v. Earth Island Inst.*, _ U.S. _, 129 S.Ct. 1142, 1151 (2009). As a result, "all plaintiffs-including *qui tam* plaintiffs granted a statutory right of action-must satisfy the 'irreducible constitutional minimum' of standing." *Stauffer*, 615 F.Supp.2d at 253 (*citing Vermont Agency*, 529 U.S. at 771). Injury in fact sufficient to satisfy Article III must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

In a false marking action, the plaintiff must "allege that defendants' conduct has caused an actual or imminent injury in fact to competition, to the United States economy, or the public that could be assigned to him as a *qui tam* plaintiff." *Stauffer*, 615 F.Supp.2d at 255. If not, the plaintiff "lacks standing to proceed." *Id*. at 255. Stauffer alleged that by falsely marking bow ties, Brooks Brothers "wrongfully quelled competition" and "caus[ed] harm to the economy of

AMAZON.COM'S MOTION TO DISMISS, STAY, OR SEVER AND TRANSFER

the United States." *Id.* at 252.  Stauffer further alleged that the false marking "has the potential

to discourage or deter" competition.  *Id*. at 252.  The court found that these "conclusory

statements" were conjectural and hypothetical, not concrete and particularized.  *Id.* at 255.  The

court concluded that because the "complaint fail[ed] to allege any injury in fact to the public or

to the United States, Stauffer lack[ed] constitutional standing to proceed."  *Id*. at 256.

### 2.   Plaintiff Failed To Allege Injury In Fact

Plaintiff makes the same conjectural and hypothetical "conclusory statements" about

harm to the U.S. and the public.  She alleges that Defendants are "undermining the integrity of

the patent system" and somehow "depriving the U.S. of revenue that would otherwise be

generated through filing fees."  SAC at ¶ 68.  She alleges that Defendants "harm consumers by

leading them to believe that the falsely advertised and marked products have been determined by

the U.S. to embody new and useful improvement when the U.S. has made no such

determination."  SAC ¶ 69.  These allegations are like Stauffer's conjectural allegations that

Brooks Brothers "wrongfully quelled competition," "caus[ed] harm to the economy of the United

States" and "wrongfully and illegally advertised patent monopolies that they do not possess."

*Stauffer*, 615 F.Supp.2d at 252.  Plaintiff's allegation of personal harm is also conjectural and

hypothetical.  Plaintiff alleges that, as a member of a family deriving income from a law firm,

she has been personally "harmed when Defendants, by falsely advertising and marking non-

patented items as patented, undermine and circumvent the patent system."  SAC ¶ 70.  Because

Plaintiff's allegations regarding harm are not concrete and particularized, they are insufficient to

establish standing.  Accordingly, the Court may follow the *Stauffer* court and dismiss Plaintiff's

complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

### V.   IF NOT DISMISSED, THE CLAIMS AGAINST AMAZON.COM SHOULD BE STAYED PENDING *STAUFFER*

If *Stauffer* is affirmed, it will be clear that Plaintiff lacks standing and therefore that this court lacks subject matter jurisdiction, requiring dismissal of this case.  Therefore, to promote judicial efficiency, the court should stay the claims against Amazon.com until the Federal Circuit rules in the *Stauffer* case.

### A.   Other Courts Have Stayed False Marking Cases Pending *Stauffer*

Several district courts facing the onslaught of false marking claims by non-competitors have stayed those actions pending the Federal Circuit's review of *Stauffer v. Brooks Brothers, Inc.*, 615 F.Supp.2d 248 (S.D.N.Y. 2009), including the following cases:

1. *Public Patent Foundation, Inc. v. Glaxosmithkline Consumer Healthcare, L.P.*, No. 09 Civ. 5881-RMB (S.D. N.Y. Feb. 17, 2010) (staying the case "[i]n light of the appeal currently pending in the Court of Appeals for the Federal Circuit of an order issued in *Stauffer* . . . which raises the same legal question that is currently pending here.");

2. *Public Patent Foundation, Inc. v. McNeil-PPC, Inc.*, No. 09 Civ. 05471-RJH (S.D. N.Y. Apr. 26, 2010) (staying the action in light of *Stauffer*);

3. *San Francisco Technology, Inc. v. Adobe Systems Inc., et al.*, No. 09-6083-RS (N.D. Cal. Apr. 13, 2010) (staying action pending *Stauffer* because "[m]ere delay in any eventual monetary recovery is not sufficient to require going forward where the threshold issue of standing can be conclusively resolved by waiting for the Federal Circuit to rule.");

AMAZON.COM'S MOTION TO DISMISS, STAY, OR SEVER AND TRANSFER

4. *Zojo Solutions, Inc. v. Leviton Manufacturing*, No. 10 Civ. 0881 (N.D. Ill. Apr 21, 2010) ("This case is stayed until the Federal Circuit issues a ruling in *Stauffer v. Brooks Bros*.");

5. *Heathcote Holdings Corp., Inc. v. Crayola LLC, et al*., No. 10 Civ. 00342 (N.D. Ill. Apr. 8, 2010);

6. *Hollander v. Timex Group USA, Inc*., No. 10-429-BMS (E.D. Pa. May 5, 2010) (staying case pending *Stauffer* and another false marking case on appeal, *Pequignot v. Solo Cup Co.*, 640 F.Supp.2d 714 (S.D. N.Y. 2009); Appeal No. 2009-1547, because the "Federal Circuit's rulings in these cases are likely to clarify the legal issues before this Court").

7. *Hollander v. Hospira, Inc*., No. 10-235-JED (E.D. Pa. May 7, 2010) (agreeing with defendant that "*Pequignot* will clarify the standard of proof for the intent element of 35 U.S.C. § 292, and *Stauffer* will determine when non-competitor plaintiffs in false marking cases have Article III Standing" and staying the case).

**B.    A Stay Pending *Stauffer* Is Appropriate In This Case**

This Court has inherent power to control its docket and stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Three factors are considered when determining whether to grant a stay. The factors are "1) whether a stay will unduly prejudice or present clear tactical disadvantage to the nonmoving party, 2) whether a stay will simplify the issues in question and the trial of the case, and 3) whether discovery is complete and whether a trial date has been set." *i4i Ltd. Partnership v. Microsoft Corp.*, 670 F.Supp.2d 568, 602-603 (E.D. Tex. 2009).

AMAZON.COM'S MOTION TO DISMISS, STAY, OR SEVER AND TRANSFER

The first factor, whether a stay will unduly prejudice or present clear tactical disadvantage to the nonmoving party, does not weigh against staying the case.  A stay would not prejudice Plaintiff.  Plaintiff is apparently not a competitor of any of the defendants and the personal harm alleged (reduction in law firm's profitability due to degradation of the patent system) is conjectural.  The stay would not present any tactical disadvantage to Plaintiff.  Rather, the stay would afford a similar *advantage* to all parties by preventing the unnecessary expenditure of resources while waiting for decisions that will control whether Plaintiff has standing and whether this Court has jurisdiction.  Moreover, the stay sought is for a finite and relatively short period.

The second factor, whether a stay will simplify the issues in question, weighs heavily in favor of staying the case.  A stay would not only simplify the issues in question, it would definitively answer the single issue currently in question, *i.e.*, whether the case can proceed.  *See* II. D. 1, *infra*; *San Francisco Technology, Inc. v. Adobe Systems Inc., et al.*, No. 09-6083 (RS) (N.D. Cal. Apr. 13, 2010) (staying action pending *Stauffer* because "the threshold issue of standing can be conclusively resolved by waiting for the Federal Circuit to rule.").

The third factor, whether discovery is complete and whether a trial date has been set, weighs in favor of staying the case.  Discovery has not yet commenced, nor has a trial date been set.  Where cases are "in the early stages . . . this factor weighs in favor of a stay." *PureChoice, Inc. v. Honeywell Intern., Inc.*, 2007 WL 1189844 *1 (E.D. Tex. Apr. 20, 2007) (finding that this factor weighed in favor of a stay where the "scheduling conference has already been completed and discovery has just commenced").

There is a risk of waste in proceeding without jurisdiction and no harm in staying the case for a finite period to obtain a definitive ruling on whether the case can commence. Accordingly, this Court should stay the matter pending *Stauffer*.

## VI.   ALTERNATIVELY, THE CLAIMS AGAINST AMAZON.COM SHOULD BE SEVERED AND TRANSFERRED TO WASHINGTON

The claims against Amazon.com should be severed and transferred to the Western District of Washington where Amazon.com's principle place of business is located and where the alleged conduct occurred. The Western District of Washington is clearly more convenient than the Eastern District of Texas for the majority, if not all, of the relevant witnesses, and documents are in the Western District of Washington because the purported use in advertising and deception by Amazon.com would have occurred at Amazon.com's headquarters in Seattle. The case has no relevant factual connection to this District. In a case such as this, "featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009).

Transfer is appropriate if the movant "demonstrates that the transferee venue is clearly more convenient." *In re Volkswagon of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). The relevant factors in assessing whether to transfer are: the convenience for witnesses; the ease of access to sources of proof; the local interest in having localized controversies decided at home; the familiarity of the forum with the law that will govern the case; the avoidance of problems of conflict of laws; any administrative difficulties flowing from court congestion and other practical problems that make trial of a case easy, expeditious and inexpensive. *Id*. at 315.

The most "important factor" in analyzing a transfer request is the "convenience for and cost of attendance of witnesses." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009). If

AMAZON.COM'S MOTION TO DISMISS, STAY, OR SEVER AND TRANSFER

a substantial number of identified witnesses reside in the transferee venue and none resides in the present venue, this factor weighs substantially in favor of transfer. *Id. at* 1345 ("Because a substantial number of material witnesses reside within the transferee venue and the state of California, and no witnesses reside within the Eastern District of Texas, the district court clearly erred in not determining this factor to weigh substantially in favor of transfer."). A substantial number of the material witnesses reside in the Western District of Washington, where Amazon.com's principal place of business is located. *See* Declaration of David A. Zapolsky filed herewith at ¶ 3. No witnesses are known to reside in this District. Therefore, this factor weighs heavily in favor of transfer to the Western District of Washington.

The Western District of Washington is also clearly more convenient for accessing sources of proof. Any documents pertaining to Amazon.com's procedures with respect to product descriptions, knowledge and intent would be located at its headquarters in the Western District of Washington. *Id.* at ¶ 4.

Additionally, the Western District of Washington, unlike the Eastern District of Texas, has a particularized interest in adjudication of this matter. Amazon.com has its principal place of business in the Western District of Washington and the local forum has a particular interest in whether a local company is deceiving the public. That the on-line product descriptions may be accessed from the Eastern District of Texas is irrelevant because the descriptions may be accessed from any District in the country.

None of the remaining factors regarding the Districts' familiarity with the law, conflicts of law, administrative difficulties, or other practical problems favors either District.

On balance, as several factors weigh in favor of transfer and no factors weigh in favor of the case remaining in the Eastern District of Texas, transfer is heavily favored.

AMAZON.COM'S MOTION TO DISMISS, STAY, OR SEVER AND TRANSFER

The fact that transfer is favored weighs in favor of severance.  *See Shifferaw v. Emson USA, et al.*, 2010 WL 1064380 *1 (E.D. Tex. Mar. 18, 2010) (severing and transferring infringement claims against a retailer defendant to the forum where the retailer was located and incorporated because it "would [not] require the same issues to be litigated in two places."). Here, severance and transfer would not lead to the same issues being litigated in two places. Plaintiff must prove use in advertising and intent to deceive the public independently for each defendant, *i.e.*, whether Amazon.com used the statements in advertising and intended to deceive the public is wholly independent of whether any of the other defendants did the same.  The only overlapping issue is whether the products are patented.

Severance and transfer to the Western District of Washington will bring the claims against Amazon.com to the most convenient forum and will not cause significant duplication of litigation.

## VII.  <u>CONCLUSION</u>

Plaintiff's claims against Amazon.com should be dismissed for failure to state a claim. Dismissal should be with prejudice, because Plaintiff has already amended its complaint twice, most recently in an attempt to address the "intent to deceive" issue raised in this motion.  It is clear from Plaintiff's allegations that she cannot allege facts showing that Amazon.com attempted to deceive the public.  Accordingly, further amendments would be futile.

Plaintiff's claims should also be dismissed for lack of standing, or stayed pending a decision by the Federal Circuit in the *Stauffer* case on the standing issue.

Alternatively, the claims against Amazon.com should be severed and transferred to the Western District of Washington, where Amazon.com's principal office is located, for the convenience of the parties and witnesses.

AMAZON.COM'S MOTION TO DISMISS, STAY, OR SEVER AND TRANSFER

Respectfully submitted,


Dated:  May 14, 2010          By:     /s/ Jeffrey S. Love _____
                                      Jeffrey S. Love, Oregon State Bar No. 873987
                                      jeffrey.love@klarquist.com
                                      Stephanie S. Nelson, Oregon State Bar No. 063776
                                      stephanie.nelson@klarquist.com
                                      KLARQUIST SPARKMAN, LLP
                                      121 S.W. Salmon Street, Suite 1600
                                      Portland, Oregon  97204
                                      Telephone:  503-595-5300
                                      Facsimile: 503-595-5301


                                      *Attorneys for Defendant Amazon.com, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 14, 2010.

By:/s/ Jeffrey S. Love_____
    Jeffrey S. Love
    jeffrey.love@klarquist.com
    Stephanie S. Nelson
    stephanie.nelson@klarquist.com
    KLARQUIST SPARKMAN, LLP
    121 S.W. Salmon Street, Suite 1600
    Portland, Oregon  97204
    Telephone:  503-595-5300
    Facsimile:  503-595-5301