UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SARAH TOMPKINS | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | 6:10-CV-00058 |
| ABLE PLANET INCORPORATED; | § | |
| AMAZON.COM, INC.; AMERICAN | § | |
| RECREATION PRODUCTS, INC.; | § | |
| CENTURY LLC; CENTURY MARTIAL | § | |
| ART SUPPLY, LLC; MAG INSTRUMENT, | § | |
| INC.; TARGET CORPORATION; THINK | § | |
| OPERATIONS, LLC; WAL-MART | § | |
| STORES, INC.; | § | |
| | § | |
| DEFENDANTS. | § | |

## DEFENDANT MAG INSTRUMENT, INC.'S MOTION FOR SANCTIONS AND ATTORNEYS' FEES AGAINST SARAH TOMPKINS AND HER ATTORNEY

COMES NOW Mag Instrument, Inc. ("Mag"), pursuant to Fed. R. Civ. P. 11, and files this Motion for Sanctions and Attorneys' Fees Against Sarah Tompkins and Her Attorney ("Motion"), and for same would show as follows:

I.
**INTRODUCTION**

1. Plaintiff is Sarah Tompkins ("Plaintiff"). Defendants are Able Planet Incorporated, Amazon.com, Inc., American Recreation Products, Inc., Century LLC, Century Martial Art Supply, LLC, Mag Instrument, Inc., Target Corporation, Think Operations, LLC, and Wal-Mart Stores, Inc.

2. Plaintiff is apparently represented by her husband, George M. Tompkins.

3. On April 29, 2010, Plaintiff filed her Second Amended Complaint ("Complaint") for False Patent Marking in this Court. Plaintiff previously filed a

Complaint on February 23, 2010 and an Amended Complaint on March 26, 2010. Plaintiff alleged Mag violated 35 U.S.C. § 292, specifically stating that Mag manufactures the Mini-Maglite and was involved in the advertising of same as featuring a "patented candle mode."[1] The failure of Plaintiff and her attorney to adequately investigate prior to filing suit is evident. The prior Complaints and Second Amended Complaint alleged that Mag's patent claim related to its "candle mode" technology is long expired[2] when, in fact, the candle mode is patented by United States Patent No. D530,438, which remains valid and enforceable. A copy of United States Patent No. D530,438 is attached as Exhibit A.

## II.
## ARGUMENT & AUTHORITY

4. The Court may impose sanctions on a party, an attorney, or a law firm for presenting a pleading, written motion, or other paper that: (1) is being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) contains claims, defenses, or other legal contentions not warranted by existing law or contains frivolous arguments for extending, modifying, or reversing existing law or for establishing new law; (3) asserts factual contentions that do not have, or are unlikely to have, evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) contains denials of factual contentions unwarranted by the evidence.[3]

5. The filing of Plaintiff's previous Complaints and Second Amended Complaint in this action violate Rule 11(b)(2), which provides that a person who

---

[1] Second Amended Complaint, ¶¶ 32-33; see also First Amended Complaint, ¶¶ 22-23.
[2] Second Amended Complaint, ¶ 35; see also First Amended Complaint, ¶ 23.
[3] Fed R. Civ. P. 11(b)(1)-(4), (c)(1).

presents a pleading to the Court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . the claims, defenses, and other legal contentions are warranted by existing law." The plain language of Rule 11 states that it is the attorney that represents to the court, by filing, signing, or advocating a pleading, that the contentions presented in that pleading are warranted after reasonable inquiry.[4] Specifically, the "candle mode" feature is currently covered by Patent No. D530,438, which could easily be found through a free search of The United States Patent and Trademark Office records, available to the public at http://www.uspto.gov. Plaintiff's claims are therefore neither grounded in fact nor warranted under existing law.

7. The Court should dismiss Plaintiff's Complaint with prejudice and award Mag its fees and costs in this action. Prior to the filing of this Motion, Mag served George M. Tompkins with the Motion pursuant to Fed. R. Civ. P. 5 and provided Plaintiff the opportunity to dismiss this action. Plaintiff, however, refused to do so although Mag referred Plaintiff and her attorney to the very patent she alleges does not exist. The requested sanctions are required to deter repetition of the sanctionable conduct.[5]

### III.
### AFFIDAVIT IN SUPPORT OF ATTORNEYS' FEES

In the event this Court agrees that attorneys' fees are part of an appropriate sanction, Mag requests the opportunity to submit an affidavit in support of same upon request.

---

[4] See FED .R. CIV. P. 11(a)-(b). It is equally evident that Plaintiff and/or Plaintiff's attorney have not fulfilled the requirements of Rule 11. See Q-Pharma, Inc. v. Andrew Jergens Co., 360 F.3d 1295, 1300 (Fed. Cir. 2004) (noting that Rule 11 "requires an attorney to conduct a reasonable inquiry into the law and facts before filing a pleading").
[5] Fed. R. Civ. P. 11(c)(4); see Fries v. Helsper, 146 F.3d 452, 458-59 (7th Cir. 1998).

## IV.
## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED,** Mag respectfully requests that its Motion for Sanctions and Attorneys' Fees be granted, that Plaintiff's claims against it be dismissed with prejudice, that attorneys' fees incurred by Mag because of such conduct be awarded, and for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

/s/ Katie Anderson
**KATIE ANDERSON**
STATE BAR NO. 00789631
**MELODY K. SMITH**
STATE BAR NO. 24066111
**STRASBURGER & PRICE, LLP**
901 MAIN STREET, SUITE 4400
DALLAS, TX 75202-3794
(214) 651-4300
(214) 651-4330 Fax

**ROBERT C. WEISS**
CALIFORNIA STATE BAR NO. 39929
**LAW OFFICES OF ROBERT C. WEISS**
3770 HIGHLAND AVE., SUITE 203
MANHATTAN BEACH, CA 90266
(310) 545-9854
(310) 545-9853 Fax

**ATTORNEYS FOR DEFENDANT
MAG INSTRUMENT, INC.**

## CERTIFICATE OF CONFERENCE

On May 13, 2010, counsel for Mag sent Plaintiff's counsel a letter with a copy of Defendant's Motion for Sanctions and Attorneys' Fees, . This matter is therefore presented to this Court for determination.

                                        /s/ Katie Anderson
                                        **KATIE ANDERSON**

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2010, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court.

                                        /s/ Katie Anderson
                                        **KATIE ANDERSON**