**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| SARAH TOMPKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 6:10-cv-00058 |
| VS. | § | |
| | § | |
| ABLE PLANET INCORPORATED; | § | |
| AMAZON.COM, INC.; | § | |
| AMERICAN RECREATION PRODUCTS, INC.; | § | |
| CENTURY LLC; | § | |
| CENTURY MARTIAL ART SUPPLY, LLC; | § | Jury Trial Demanded |
| MAG INSTRUMENT, INC.; | § | |
| TARGET CORPORATION; | § | |
| THINK OPERATIONS, LLC; | § | |
| WAL-MART STORES, INC.; | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT MAG INSTRUMENT, INC.'S
MOTION FOR SANCTIONS AND ATTORNEY'S FEES AGAINST SARAH TOMPKINS
AND HER ATTORNEY**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Sarah Tompkins ("Plaintiff" or "Tompkins"), by and through her undersigned

attorney, responds to Defendant Mag Instrument, Inc.'s ("Mag") Motion for Sanctions and

Attorney's Fees Against Sarah Tompkins and Her Attorney (Docket No. 70) ("Motion"), as

follows:

**I.      Introduction**

Mag is seeking sanctions against Plaintiff due to Plaintiff's alleged failure to perform an

adequate investigation before filing suit.  Mag suggests that, upon a thorough investigation,

Plaintiff would have found a design patent—D530,438 ("Design Patent")—which Mag asserts

1

covers its "'candle mode' technology." Mag is incorrect in both its assertion that Plaintiff failed

to uncover the Design Patent and in its argument that the Design Patent covers "'candle mode'

technology." Plaintiff and her attorney performed exhaustive patent searches for all of the

products named in her complaints, including many "free search[es] of the United States Patent

and Trademark Office records" suggested by Mag. The Design Patent was revealed in those

searches. Further, the Design Patent is identified on product packaging for the Mini-Maglite.

However, the Design Patent covers only an "ornamental design for a miniature flashlight,

as shown and described." The very nature of a design patent prevents it from protecting features

which are functional, rather than ornamental. Mag's advertising of its "patented candle mode,"

for a functional feature, not an ornamental design. Accordingly, the product is unpatented as

advertised. Mag's reliance on a patent that it knows only covers an ornamental design to

advertise that Mag has a patent giving it exclusive rights to make flashlights with a certain

functional feature is evidence of Mag's intent to deceive the public.

Since Plaintiff has properly pleaded a claim against Mag, Mag's motion for sanctions

must fail. Further, even if Plaintiff is ultimately unsuccessful in her claim against Mag, sanctions

are inappropriate because the claim is pursued under and objectively reasonable legal theory.

## II.   Argument

### A.   Legal Standards for awards of sanctions under Rule 11.

**Federal Rule of Civil Procedure 11(b) provides:**

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Compliance with Rule 11 is determined using an objective standard of reasonableness under the circumstances. *Thomas v. Capital Sec. Servs*., 836 F.2d 866, 873 (5th Cir.1988) (en banc). Thus "an attorney's good faith will *not*, by itself, protect against the imposition of Rule 11 sanctions." *Jenkins v. Methodist Hosp. of Dallas, Inc*., 478 F.3d 255, 264 (5th Cir.2007) (citations omitted, emphasis original). However, Rule 11 allows parties to make "nonfrivolous argument[s] for the extension, modification, or reversal of existing law or the establishment of new law." *Mugworld, Inc. v. G.G. Marck & Associates, Inc*., 563 F.Supp.2d 659, 671 (E.D.Tex. 2007) (quoting Fed. R. Civ. P. 11(b)(2)). Thus, a "party that predicates its legal claim on a controversial and unsettled legal theory should not face sanctions." *Id.* (quoting *Procter & Gamble Co. v. Amway Corp*., 280 F.3d 519, 531-32 (5th Cir. 2002)).

B. **Plaintiff performed a thorough investigation which revealed the Design Patent.**

Mag argues in its Motion that Plaintiff failed to "adequately investigate prior to filing suit." Motion, p. 2. Mag's allegation is based solely on Plaintiff's supposed failure to identify the Design Patent. Mag's arguments fail because Plaintiff's pre-filing investigation was adequate and, in fact, did reveal the Design Patent. Plaintiff performed an exhaustive search related to each product named in her Second Amended Complaint. The exhaustive search for

each product included (1) identifying the manufacturer, (2) determining the legal name of the manufacturer, (3) identifying all other persons or entities associated with the manufacturer, (4) searching for all patents affiliated in any way with or licensed to any of the identified persons or entities and which could be related to the advertised product, and (5) reviewing the patents to be certain that no claim could be reasonably believed to cover the advertised product or product feature.   *See* Tompkins (George) Decl.—June 18, 2010, ¶¶ 2-3.  The investigation also involved obtaining samples of each of the products named in the complaint.  *See* Tompkins (George) Decl.—June 18, 2010, ¶ 4.   The products themselves were searched for applicable patent numbers.   *See* Tompkins (George) Decl.—June 18, 2010, ¶ 4.  The Design Patent was revealed in the assignee search and is listed on the Mini-Maglite packaging.   *See* Tompkins (George) Decl.—June 18, 2010, ¶ 5.

Plaintiff's pre-filing investigation was more than sufficient.  Further, the search revealed the only patent which Mag has claimed is relevant.  Accordingly, Mag has stated no facts supporting sanctions for failing to perform an adequate pre-suit investigation.

### C.       The Design Patent does not cover the advertised features.

Mag argues that the Design Patent makes Plaintiff's claims "neither grounded in fact nor warranted under existing law." Motion, p. 3.  Mag offers absolutely no factual or legal argument supporting its contention that the existence of the Design Patent makes Plaintiff's claims groundless.  Mag also failed to support its similar assertion in its Motion to Dismiss.  Mag Motion to Dismiss under Rule 12(b)(6), p. 13 (Docket No. 55).  In its Motion to Dismiss, Mag states in conclusory fashion that its Mini-Maglite is not an unpatented article within the meaning of 35 U.S.C. § 292 because the product and its candle mode feature are covered by the Design Patent. *Id.*  Mag does not offer any support because its position is unsupportable.

4

Design patents only protect ornamental aspects of the patented item. *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293 (Fed. Cir. 2010). A design patent for a design that is primarily functional is invalid. *Id*. at 1293-94. Where a patented design includes both functional and ornamental features its "scope is limited to [the ornamental features] alone and does not extend to any functional elements of the claimed article." *Id*. at 1294. Thus, the Design Patent, to the extent it is valid, is limited to ornamental features of the flashlight shown. It does not cover any functional features.

The product aspect of the Mini-Maglite which Mag advertises as patented—the "candle mode"—is functional. The word "mode," denotes functionality. The relevant definition of "mode" from the American Heritage Dictionary of the English Language, Fourth Edition (Houghton Mifflin 2006) defines "mode" as "[a] given condition of <u>functioning</u>; a status: *The spacecraft was in its recovery mode*." (emphasis added). Thus, the phrase "candle mode," refers to a condition of functioning as a candle.

This meaning is verified by materials from Mag describing the function of the "candle mode." For example: "The Mini Maglite boasts a unique candle mode that allows you to remove the head and expose the bulb to shed light in all directions, just like a candle. You can flip the head over and place it on a solid surface to create a sturdy holder for the 'candle'--a great option when you're camping, at an outdoor concert, or entertaining after dark in your backyard." Tompkins Decl., Exhibit 5 (attached to Docket No. 71). Also, "Mini Maglite converts quickly into Candle Mode in three easy steps: unscrew the flashlight head, place the head on a table, and insert the flashlight barrel into the head." Tompkins Decl., (attached to Docket No. 71), Exhibit 6. These descriptions show that Mag's assertion of a "patented candle mode" was intended to imply that Mag has a patent giving it the exclusive right to sell a flashlight with "candle mode"

functionality.  Mag has no such patent.  The Design Patent does not cover this functional feature; therefore, the advertised product is not patented.  Since the basis of Mag's Motion is that Plaintiff's claim against it is groundless in view of the Design Patent, but the Design Patent is inapplicable, Mag's Motion should be denied.

> **D.     Sanctions are inappropriate even if the Plaintiff's claims against Mag are ultimately unsuccessful.**

Prior to filing Plaintiff's claims against Mag, counsel for Plaintiff researched many legal issues likely to arise in this action.  That research included searching for cases discussing the relationship between design patents and functional features with respect to claims under Section 292.  Plaintiff found no cases on point.  Mag has not cited any.  This area of law is unsettled.  Plaintiff's claims are based on the language of Section 292 and on case law discussing when an article is unpatented.  An article is unpatented when it is not covered by at least one claim of a patent.  *Clontech Labs. Inc. v. Invitrogen Corp.,* 406 F.3d 1347, 1352 (Fed.Cir.2005)).  The article at issue here is the functional candle mode of the Mini-Maglite.  The article is not covered by the Design Patent because the design patent cannot cover functional features.  As is explained in Plaintiff's Response to Mag's Motion to Dismiss under Rule 12(b)(1) (Docket No. 76), Plaintiff believes this theory is correct and that Plaintiff's claims against Mag should be allowed to move forward.  However, even if the Court determines that Plaintiff's claims against Mag should be dismissed, sanctions should be denied as Plaintiff's claims are based on an objectively reasonable legal theory.  *See* Fed. R. Civ P. 11 (b)(2) (allowing claims "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"); *Mugworld, Inc.*, 563 F.Supp.2d at 671 ("party that predicates its legal claim on a controversial and unsettled legal theory should not face sanctions.") (quoting *Procter & Gamble Co.*, 280 F.3d at 531-32).

**III.     Mag brought this Motion in bad faith, to harass Plaintiff**

Mag brought this Motion in bad faith.  Even if Mag believes that its design patent covering ornamental features can support advertising that claims Mag has a patent on a functional feature, Mag does not have any legitimate reason to assert that Plaintiff's arguments to the contrary are groundless.  Rather, Mag brought this motion to harass Plaintiff.  Although this case is in its infancy, this Motion is the sixth motion by Mag that Plaintiff has had to defend. Prior to this Motion, Mag filed a Motion to Dismiss under Rule 12(b)(1), a Motion to Dismiss under Rule 12(b)(6) and Rule 9(b), a Motion to Transfer, aMotion to Sever, and aMotion to Stay.[1]  Mag's obvious intention in bringing this deluge of motion practice is to burden counsel for Plaintiff.  Because this Motion is brought for an improper purpose, Plaintiff requests that the Court order Mag to pay Plaintiff the reasonable value of the attorney time spent responding to this Motion.  *See* Fed. R. Civ. P. 11(c)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.").  If the Court grants this request, counsel for Plaintiff will provide a declaration regarding time spent and reasonable value.

**IV.     Conclusion**

Plaintiff conducted a sufficient pre-filing investigation which revealed the one patent Mag claims to be relevant.  The asserted patent is inapplicable because it covers ornamental features, not the functional feature advertised.  Plaintiff has pleaded a valid cause of action against Mag for its violation of Section 292.  Further, even if Plaintiff's claims against Mag are ultimately unsuccessful, Plaintiff has objectively reasonable bases for asserting them. Accordingly, Mag's Motion should be denied.  Further, since Mag brought this motion in bad

---

[1] In contrast, Amazon and Wal-Mart managed to make most of the same points in one motion each.

faith, Plaintiff requests that the Court order Mag to pay Plaintiff the reasonable value of the attorney time spent responding to this Motion.

Date:  June 18, 2010                                         Respectfully submitted,


                                                    /s/George Tompkins
                                                    George M. Tompkins, TXBN 24029864
                                                    Tompkins P.C.
                                                    825 Market Street, Building M, Suite 250
                                                    Allen, Texas  75013
                                                    214-996-4647 (tel)
                                                    469-375-3969 (fax)
                                                    George@tompkinsiplaw.com

                                          **ATTORNEY FOR PLAINTIFF**


                              **CERTIFICATE OF SERVICE**

        I hereby certify that all counsel of record, who are deemed to have consented to electronic service, are being served this 18th day of June 2010 with a copy of this Document via the Court's CM/ECF system per Local Rule CV-5(a)(3).


                                                    /s/George Tompkins/