**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| SARAH TOMPKINS, | § | |
| | § | |
| VS. | § | |
| | § | CA NO. 6:10-cv-058-LED |
| ABLE PLANET, INC.; | § | |
| AMAZON.COM, INC.; | § | |
| AMERICAN RECREATION PRODUCTS, INC; | § | |
| BRIEL AMERICA, INC.; | § | |
| CENTURY LLC; | § | |
| CENTURY MARTIAL ART SUPPLY, LLC; | § | |
| MAG INSTRUMENT, INC.; | § | |
| TARGET CORPORATION; | § | |
| THINK OPERATIONS, LLC; | § | |
| WAL-MART STORES, INC.; | § | |
| WENGER NA, INC. | § | |

**DEFENDANT WAL-MART STORES' REPLY IN SUPPORT OF ITS MOTION
TO DISMISS PLAINTIFF TOMPKINS' SECOND AMENDED COMPLAINT**

Defendant Wal-Mart Stores, Inc. ("Walmart") hereby respectfully submits its Reply in

Support of its Motion to Dismiss Plaintiff Sarah Tompkins' ("Tompkins") "Second Amended

Complaint" against Walmart.  As set forth herein, Plaintiff Tompkins' "Response" to Walmart's

Motion to Dismiss fails to adequately address and overcome the several fatal deficiencies in

Plaintiff's cause of action and, as a result, Plaintiff Tompkin's Complaint against Walmart

should be dismissed.

I.      **Tompkins' Response Confirms that She Did**
        **Not Adequately Plead an "Intent to Deceive."**

Just two weeks ago, the Federal Circuit issued its decision in <u>Pequignot v. Solo Cup Co.</u>,

-- F.3d --, 2010 WL 2346649 (Fed. Cir. June 10, 2010), that directly addresses the intent

*required* under 35 U.S.C. § 292 – which Tompkins cannot establish against Walmart here.

At the outset, false marking is only actionable if it is done "for the purpose of deceiving

the public." 35 U.S.C. § 292.  As the Federal Circuit expressly stated, "[t]he bar for proving deceptive intent . . . is particularly high . . ." <u>Solo Cup</u>, 2010 WL 2346649, at *6. Tompkins is required to show that it was Walmart's "purpose" to deceive the public even though Walmart did nothing more than offer the accused vendors' products for sale using the vendors' accused information.  Indeed, for Tompkins to succeed in even reaching a *rebuttable* presumption of an "intent to deceive," she is *required* to first establish a combination of *both* "a false statement <u>and</u> knowledge that the statement was false."[1/] <u>Id</u>.  And, even were Tompkins to succeed in establishing these two elements, "knowledge" that a patent marking is false alone is also insufficient.  Rather, Tompkins is also *required* to prove a third element -- that Walmart had "a purpose of deceit," not "simply knowledge that a statement is [allegedly] false." <u>Id</u>.

Here, plaintiff Tompkins has blatantly failed to plead facts sufficient to meet the requisite element of intent.  Tompkins' "Response" is devoid of any meaningful explanation as to Walmart's purported "intent." Ptf. Response at pp. 12-14.  Instead, Tompkins relies upon and concedes that her Second Amended Complaint contains only the following allegations regarding *one* of the five accused products (Able Planet headphones):

1.    Walmart allegedly advertises thousands of items on its website as patented;

2.    Walmart allegedly does not make any independent attempt to determine whether such products are patented;

3.    Walmart allegedly advertised the Able Planet headphones as "patented" to increase sales;

4.    Walmart allegedly identified the Able Planet headphones as "patented" with knowledge that the head phones are not patented; and

---

[1/]    Tompkins' inability to establish "knowledge" is perhaps best captured by her admittedly wholly speculative conjecture that "Plaintiff believes some relevant person at Wal-Mart must be familiar with the long history of the [Mag] product and realize that if the 'candle mode' was ever patented, it no longer is." Ptf. Response at 13, fn.7.

5.      Walmart allegedly has a policy of not confirming whether products are patented with knowledge that "at least a significant number of the hundreds or thousands of products" identified as patented are not patented.

Ptf. Response at p. 13; Second Amended Complaint at ¶¶ 12, 13, 17 & 19.

Tompkins plainly appreciates the undisputed fact that Walmart's vendors, not Walmart, manufacture, label, and provide the data regarding their respective products.  Accordingly, and predictably, Tompkins struggles to find a basis to allege even an "inference" that Walmart has knowledge of the alleged mismarking.  Tompkins is left to defend her deficient Second Amended Complaint by contending that Walmart's alleged failure to perform a detailed and comprehensive analysis of every patent number and "patent pending" marking on each of the over one-hundred thousand products it sells somehow translates to meeting the required elements: (1) false statement; (2) knowledge; and (3) conscious desire and purpose to deceive the public.  Plainly, Congress never intended for 35 U.S.C. § 292 to require retail stores that resells on the order of one-hundred thousand vendor products to:

(i)      perform patent searches for each product;

(ii)     procure copies of applicable patents and corresponding prosecution histories;

(iii)    perform a claim construction analysis of all patents and pending patent applications;

(iv)    perform an analysis of the construction, processes, methods, electronics, and mechanics, of every product that bears a patent number or patent pending notice; and

(v)     compare each of the claims and constructions of all pertinent identified patents to each of the products, applicable components thereof, and/or the methods and/or processes to manufacture such products.

Section 292 is directed to parties that intentionally mismark their products, with an intent to deceive the public, and imposes no such onerous requirements on resellers of third-party products.  The proper parties in interest here, if any, are the vendors of the accused products, not

retail stores that have absolutely nothing to do with the design, development, packaging, and statements regarding the products.

### A.   A Good Faith Basis for Even False Patent Markings is Alone Sufficient to Defeat Plaintiffs' Claims.

In <u>Solo Cup</u>, the Federal Circuit made it clear that the requisite element of "intent" under Section 292 *cannot* be met even where the defendant had knowledge that a patent marking was false if the defendant had "a good faith belief that an action is appropriate . . ." <u>Solo Cup</u>, 2010 WL 2346649, at \*7.  Unlike here, the defendant in <u>Solo Cup</u> indisputably knew that the patents identified on its packaging had expired, yet chose to leave the numbers on the packaging (with the advice of counsel) "to reduce costs and business disruption." <u>Id.</u>  Notwithstanding the actual knowledge, the Federal Circuit granted defendant Solo Cup summary judgment under Section 292 as the *qui tam* plaintiff, just like here, did not and could not raise a genuine issue of material fact as to the defendant's alleged "deceptive purpose." <u>Id.</u>

The allegations against Walmart are substantially less culpable, much less suspect, than the defendant in <u>Solo Cup</u>.  Here, Walmart did not: (1) design; (2) manufacture; (3) create packaging; (4) prepare ad copy; (5) file patent applications; or (6) maintain patents; for any of the five accused products.  Walmart is nothing more than a reseller.

Plaintiff Tompkins must show by a preponderance of the evidence that Walmart did not have a reasonable belief that the articles were properly marked.  <u>Clontech Laboratories, Inc. v. Invitrogen Corp.</u>, 406 F.3d 1347, 1352-1353 (Fed. Cir. 2005).  Absent such proof of lack of reasonable belief, no liability under the statute may ensue. <u>Id.</u>  Here, Walmart did not mark the accused products, properly relies upon the representations of its vendors, and acts as nothing more than a reseller.  The only purported conduct Tompkins can allege is a *negative* one – something Walmart allegedly "does not" do – is, Walmart does not perform comprehensive

patent searches, claim constructions, and analyses of patent claims for each of the over 100,000 products that it sells.  The law, including Section 292, plainly imposes no such duty.

Moreover, and importantly, each of the accused vendors has and continues to represent and take the position that the markings on the accused products are truthful and not in violation of Section 292.  <u>See</u> Mag Instrument, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(6), p. 13; American Recreation Products Answer to Second Amended Complaint, ¶ 43; Century, LLC's Answer to Second Amended Complaint, ¶¶ 19-20; Able Planet, Inc.'s Answer to Second Amended Complaint, ¶ 18; and Think Operations, LLC's Answer to Second Amended Complaint, ¶ 60.  It is certainly entirely appropriate for a retailer to rely upon the representations and analysis of the vendors who are in the position to best understand the structure, nature, and characteristics of their respective products and whether such products are covered under any claims of any of their patents or pending patent applications.

Tompkins named Walmart as a defendant in this action not because Walmart manufactures and allegedly falsely marks products with patent numbers (as there is no dispute that it does not) – but, instead, for the transparent purpose of trying to exploit the recognition of a large retailer.  Tompkins has already named the vendors of the accused products as parties in this lawsuit and there is absolutely no justifiable basis to include Walmart, an innocent retailer, as a defendant in this case.  As the Federal Circuit's recent <u>Solo Cup</u> precedent makes clear, Walmart's benign conduct as a reseller does not meet the deceptive intent required under 35 U.S.C. § 292.

## II.  Tompkins Failed to Sufficiently Plead that Walmart Is Responsible for the Accused "Advertising" Bearing The Word Patent.

Plaintiff Tompkins seeks to overcome the deficiencies in its "advertising" allegations by pointing to the fact that Walmart offers the accused products on its website and that an extrinsic

dictionary definition somehow provides it with a favorable meaning for the term "advertising." Ptf. Response at p. 6.

First, Tompkins' reliance upon one dictionary definition for "advertising" out of the American Heritage Dictionary cannot change either the applicable statute or pertinent legal precedent.  Further, the definition Tompkins propounds does not accurately reflect the meaning of "to advertise" as employed in false marking claims.

The "advertising" element of 35 U.S.C. § 292 requires more than just presenting a product for sale on a retail store shelf or the posting of a product description on a retailer website, instead it requires that there be "a nexus between the defendant's marking, affixing, or using of a patent and the advertising of the product."  Inventorprise, Inc. v. Target Corp., 2009 U.S. Dist. LEXIS 102852, *13-14 (ND NY Nov. 2, 2009)(emphasis added).  Again, Walmart does not mark, affix or use the accused patent notices on the accused vendor products.  Walmart simply lists the accused products on its website.  Further, as the Target court recently held, the mere act of listing an allegedly mismarked product for sale in a retail store does not bring the matter within the purview of the 'in advertising' provision of § 292(a). Id. at *16-17.

Walmart's suppliers, not Walmart, designed, created, made, and printed the packaging, literature, and all material portions of any accused written materials.  As such, the manufacturers and vendor's for the accused products, not Walmart, are solely responsible for preparing and making any statements or other representations regarding the patents, patent applications, or other claimed proprietary rights in such products.  The mere fact that Walmart sells third-party products via its website does not make it the author of the accused information nor create the requisite nexus between the marking of the accused product and alleged advertising.

As plaintiff Tompkins has failed to plead sufficient facts to satisfy the requisite "advertising" element, the Complaint should be dismissed.

## III. Contrary to Tompkins' Assertions, Walmart's Arguments Under Under 12(b)(1) and 12(b)(6) Are Not Misleading (Much Less Intentionally Misleading).

Plaintiff Tompkins recklessly asserts that Walmart attempted to commingle the legal standards of Rules 12(b)(1) and 12(b)(6) in an effort to intentionally mislead the parties and the Court. Ptf. Response at pp. 4-5. This is simply not true. Walmart and its counsel did not and would not ever seek to mislead the Court or another party.

Walmart's Motion to Dismiss properly relies upon both Rules 12(b)(1) and 12(b)(6) as plaintiff Tompkins' Complaint fails to plead a colorable claim under both the requisite elements of the statute Tompkins relies upon, 35 U.S.C. § 292, as well as the Supreme Court's recent Twombly decision. Walmart's Motion clearly identified and provided the applicable standards for dismissal under Rules 12(b)(1) and 12(b)(6). Motion to Dismiss, pp. 8-9.

Plaintiff's allegations appear to be based upon a theory that Walmart is somehow limited to moving for dismissal under only Rule 12(b)(6) and not Rule 12(b)(1). This is inaccurate. Tompkins' Second Amended Complaint fails under Rule 12(b)(1) for lack of subject matter jurisdiction. The failure to plead a colorable claim is a basis to dismiss a case under Rule 12(b)(1). This precise situation was recently addressed in Inventorprise, Inc. v. Target Corp., 2009 U.S. Dist. LEXIS 102852 (ND NY Nov. 2, 2009).

In Target, the defendant moved for dismissal of plaintiff's false marking claim under Rule 12(b)(1). 2009 U.S. Dist. LEXIS 102852, at *1, 9. ("the question that arises on the 12(b)(1) motion is whether plaintiff had pled a colorable § 292 (a) claim…."). The court engaged in a thorough analysis and specifically found that the plaintiff had not sufficiently pled a colorful

false marking claim and dismissed the case under Rule 12(b)(1) for lack of subject matter jurisdiction. Id. at *24. The Target case demonstrates that whether a colorable claim has been properly pled is key to not only a motion to dismiss based on Rule 12(b)(6), but also a motion to dismiss under on Rule 12(b)(1). Here, as Tompkins has failed to adequately plead all of the requisite elements under 35 U.S.C. § 292, the Second Amended Complaint should be dismissed under Rule 12(b)(1).

With respect to Walmart's Motion to Dismiss under Rule 12(b)(6) in view of Bell Atl. Corp. v. Twombly, Rule 12(b)(6) requires that Tompkins' Second Amended Complaint contain more than "just mere labels and conclusions, and a formulaic recitation of the elements of a cause of action . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the "factual allegations must be enough to raise a right to relief above the speculative level," which Tompkins' Second Amended Complaint simply does not accomplish. Twombly, 550 U.S. at 555.

Plainly, as set forth in Walmart's opening brief, Tompkins' Second Amended Complaint should be properly dismissed under both Rules 12(b)(1) and 12(b)(6).

**IV.    Plaintiff Tompkins Lacks  Standing to Bring this Action Against Walmart.**

Plaintiff Tompkins failed to directly address Walmart's argument as to why Tompkins lacks standing and, instead, refers the Court to Tompkins' argument in response to Defendant Mag Instruments' Motion to Dismiss. Tompkins' fundamental argument in support of her alleged standing appears to be, in essence, that every person as a partial assignee of the United States Government has absolute standing to assert a claim under 35 U.S.C. § 292 – regardless of any other requirements for standing. Ptf. Response to Mag Instruments Motion to Dismiss, p. 2.

Unable to distinguish the standing requirements set out in Stauffer v. Brooks Brothers, Inc., 615 F.Supp. 2d 248 (SD NY 2009), Tompkins simply asserts that the injuries required by

the Stauffer Court are "unnecessarily restrictive" -- and provides no legal support for her proposition. Ptf. Response to Defendant Mag Instruments Motion to Dismiss, p. 3.  Instead, plaintiff Tompkins generally relies on the district court decision in Pequignot v. Solo Cup Co., 640 F. Supp. 2d 714 (E.D. Va. 2009) for the contention that she has standing. Ptf. Response to Defendant Mag. Instruments Motion to Dismiss, p. 3.

Importantly, as Tompkins acknowledges, the Brooks Brothers court declined to follow the district court's decision in Solo Cup and explicitly stated that it "doubts that the Government's interest in seeing its laws enforced could alone be an assignable, concrete injury in fact sufficient to establish standing."  Stauffer v. Brooks Brothers, Inc., 615 F.Supp. 2d 248, 254, fn.5 (SD NY 2009).  The law is clear that "[a]ll plaintiffs - including *qui tam* plaintiffs granted a statutory right of action - must satisfy the 'irreducible constitutional minimum' of standing."  Brooks Brothers, 615 F.Supp. 2d 248, 253 (SD NY 2009) (citing Vermont Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 765, 771 (2000), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).  While a *qui tam* plaintiff may proceed in vindication of the rights of the United States, the government or the public itself must have suffered an injury-in-fact causally connected to the defendant. See Vermont Agency, 529 U.S. at 774.  Further, and importantly, the "injury-in-fact" must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Lujan, 504 U.S. at 560; Brooks Brothers, 615 F. Supp.2d at 255.  Thus, while *qui tam* plaintiffs can establish standing based on injuries suffered by the United States, those injuries must still be "concrete and particularized." Tompkins does not meet this standard.

Here, plaintiff Tompkins has repeatedly failed to demonstrate, as required, any "concrete and particularized" injury suffered by her, the United States, or anyone else for that matter.[2/] Tompkins' feeble reliance upon her employment by an intellectual property law firm, the fact that her family relies upon income derived from the practice of intellectual property law, and that she is somehow inexplicably harmed as a result – falls plainly within the prohibited confines of "conjectural and hypothetical" held insufficient by the Supreme Court. See Brooks Brothers, 615 F. Supp.2d at 255 (citing Vermont Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 765, 771 (2000), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). Plaintiff Tompkins has wholly failed to meet the: "injury in fact" requirement and lacks standing.

## V.   Plaintiff Tompkins Has Failed to Plead Fraud with Particularity.

Plaintiff argues that the "implication" in Astec America, Inc. v. Power-One, Inc., 2008 U.S. Dist. LEXIS 30365, *33 (ED Tex. April 11, 2008) is at odds with the proposition that Rule 9(b) applies to false patent marking claims, requiring that such claims be pled with particularity. Ptf. Response, p. 16.  Respectfully, Tompkins' interpretation of Astec is incorrect.

The Astec court merely stated that the defendant in that case did not provide any authority that Rule 9(b) required that false marking claims be pled with particularity. Astec America, Inc., 2008 U.S. Dist. LEXIS 30365, at *33.  Additionally, the Astec court stated that in that particular case, the plaintiff did not need to plead the false marking claim with greater specificity because the only information that defendant requested was who falsely marked the

---

[2/]     Plaintiff Tompkins asserts that she "also pled an allegation of harm specific to herself, but plaintiff does not rely on that allegation to establish standing."  Ptf. Response to Defendant Mag. Instruments Motion to Dismiss, p. 2, fn. 2.  The peculiar allegations appear to have been added in an effort to meet the "injury in fact" requirement to establish standing in response to Walmart's initial Motion to Dismiss.  As set forth in detail in Walmart's Motion, Tompkins' speculative and tenuous allegations of harm are wholly insufficient to establish standing.

products at issue, and that information had already been provided.  Id. at *33-34.  As such, the court did not hold that Rule 9(b) does not apply to false marking claims.

On the other hand, the statute and specific case law support the fact that the false marking statute, 35 U.S.C. § 292, is a fraud based violation falling squarely within Rule 9(b).  For example, the Target case expressly held that the false marking statute, 35 U.S.C. § 292, "is a fraud-based claim, which is subject to the pleading requirements of Federal Rule of Civil Procedure 9(b)." Target Corp., 2009 U.S. Dist. LEXIS 102852., at *23, fn.16.  And, further, in Brooks Brothers, the court stated that false marking claims under 35 U.S.C. § 292 require that a plaintiff establish that the alleged false marking "is fraudulent, deceptive, and intentional." See Brooks Brothers, 615 F. Supp.2d at 254; 35 U.S.C. § 292(a) ("for the purpose of deceiving the public").  False marking claims are fraud based claims that are required to be pled with particularity under Rule 9(b) and plaintiff Tompkins has failed to satisfy this requirement.

Plaintiff's reliance upon Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1328 (Fed. Cir. 2009) is misplaced.  In Exergen, importantly, the Federal Circuit stated that under Rule 9(b) the party asserting inequitable conduct "must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." Id. at 1328-29.[3/] Here, it is indisputable that plaintiff Tompkins has failed to meet these criteria – she has not provided any information that a court could rely upon to conclude that a "specific [Walmart] individual" (a) knew of the alleged false marking, or (b) withheld or misrepresented the

---

[3/]     Exergen was a patent infringement case that addressed, in part, the facts that must be pled under Rule 9(b) to plead inequitable conduct – not false marking under Section 292. Id.

information.  Indeed, the most Tompkins can muster is to assert that she "believes some relevant person at Walmart must be familiar" with the alleged facts. Ptf. Response at 13, fn7.

Plaintiff Tompkins has failed to sufficiently plead her allegations of fraud against Walmart with the level of particularity required by law.  Instead, her boilerplate, broad, and non-specific allegations are precisely the type prohibited under Rule 9(b).

## VI.    CONCLUSION.

As plaintiff Tompkins has failed to comply with the requisite pleading requirements to assert a colorable claim under 35 U.S.C. § 292 against Walmart, and for the reasons set forth above, lacks standing to bring the actions set forth in the Complaint, Walmart respectfully requests that the Court grant its Motion to Dismiss the Second Amended Complaint against Walmart and grant Walmart such other and further relief as the Court deems just and proper.

Respectfully submitted,

Michael C. Smith
State Bar No. 18650410
Siebman, Burg, Phillips & Smith, LLP
713 South Washington Avenue
Marshall, TX 75670
Telephone:  (903) 938-8900
Facsimile:  (972) 767-4620
Email:  michaelsmith@siebman.com

David A. Roodman
BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO  63102
Telephone:  (314) 259-2000
Facsimile:  (314) 259-2020

Attorneys for Defendant Wal-Mart Stores, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record, who are deemed to have consented to electronic service, are being served this 25th day of June 2010 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

Michael Smith