IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SARAH TOMPKINS, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 6:10-cv-00058 |
| vs. | § § | |
| ABLE PLANET INCORPORATED; | § | |
| AMAZON.COM, INC.; | § | **Jury Trial Demanded** |
| AMERICAN RECREATION PRODUCTS, INC.; | § | |
| CENTURY LLC; | § | |
| CENTURY MARTIAL ART SUPPLY, LLC; | § | Plaintiff's Surreply to Able Planet |
| MAG INSTRUMENT, INC.; | § | Incorporated's Motion to Dismiss |
| TARGET CORPORATION; | § | |
| THINK OPERATIONS, LLC; | § | |
| WAL-MART STORES, INC.; | § § | |
| Defendants. | § | |

**PLAINTIFFS' SUR-REPLY TO ABLE PLANET INCORPORATED'S
MOTION TO DISMISS**

**I.    "Plaintiff is Wrong" is Not a Valid Ground for Dismissal under Rule 12(b)(6).**

Able Planet's Reply brief argument may be fairly summarized as "Plaintiff's allegations are factually incorrect, therefore Plaintiff's claim should be dismissed." That argument is first stated in the opening sentence of Able Planet's Reply Introduction and is recast in Able Planet's sub points. For example, in its subsection I-1, Able planet argues that Plaintiff failed to plead the "what" of "who, what, when, where and how" because, according to Able Planet, "there is no question that the technology contained in Able Planet's headphones is, as advertised, patented." [1]

---

[1] Contrary to Able Planet's incredible assertion, there is a substantial question concerning whether any of any of Able Planet's patents cover technology in its headphones. Plaintiff has pleaded and argued in briefing that Able Planet's headphones do not contain any technology covered by Able Planet's patents. *See, e.g.,* SAC, ¶ 18; Response, pp. 9-10.

1

Able Planet's Reply ("Reply") in Support of Motion to Dismiss ("Motion"), pp. 2-3. In essence, Able Planet is arguing that Plaintiff did not meet her pleading requirement because the headphones contain patented technology, contrary to Plaintiff's allegations. Likewise, in subsection I-2, Able Planet argues that Plaintiff is not entitled to a presumption of intent because "Plaintiff incorrectly claims that the headphones do not contain patented technology, which in turn refutes her 'knew or should have known' argument." Reply, p. 5.

Unfortunately for Able Planet, the "Plaintiff is Wrong" argument is not a valid basis for dismissal. Without dispute, a defendant may not obtain dismissal under Rule 12(b)(6) simply by contesting the truth of Plaintiff's allegations. Even under the pleading standards of *Twombly* and *Iqbal*, a Plaintiff is required only to plead facts, not evidence. *See Twombly*, 550 U.S. at 555 ("<u>Factual allegations</u> must be enough to raise a right to relief above the speculative level") (emphasis added); *Idbal*, 129 S.Ct. 1949 ("a complaint must contain sufficient <u>factual matter</u>…") (emphasis added). The pleaded facts are then taken as true in ruling on a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, <u>accepted as true</u>, to 'state a claim to relief that is plausible on its face.'") (quoting *Twombly,* 550 U.S. at 750) (emphasis added). Plaintiff is certain that she will be able to prove all of the allegations in her Second Amended Complaint ("SAC"). Regardless, the time to determine whether Plaintiff's allegations or Able Planet's denials are more accurate is not at the motion to dismiss stage. Able Planet's Motion to Dismiss must be denied.

II.     **Able Planet's headphones may not be coupled with a hearing aid.**

Able Planet asserts in its Reply that "every headphone at issue in this action can be coupled with a hearing aid device." Reply, p. 3. However, this statement is in stark contrast to statements made by Able Planet's attorney at the initiation of this litigation. When counsel for Plaintiff was initially contacted by Mr. Glenn Lenzen, Able Planet's patent counsel, one of the

questions Mr. Tompkins asked was whether Able Planet "contends that the Able Planet headphones include a system for coupling the headphones with a hearing aid as is claimed in the '807 patent." Exhibit 1.² Mr. Tompkins pointed out that no coupling feature was mentioned in packaging and none was apparent from a product examination. *Id.* Mr. Lenzen replied that "[t]he hearing aid coupling embodiment is shown as an alternate embodiment and **is not in the present generation of head phones.**" *Id.* (emphasis added). Mr. Lenzen's admission that Able Planet's headphones do not include a coupling feature comports with Able Planet's advertising materials, which describe many attributes of the headphones and the "LINX Audio" technology but do not mention any ability to couple the headphones with a hearing aid. Because the headphones cannot be coupled with a hearing aid—a required element of the claims of the '807 Patent—the headphones cannot be covered by the '807 Patent.

Able Planet's bold assertion that its headphones include a hearing-aid coupling feature lacks credibility in view of the fact that Mr. Lenzen—one of the attorneys listed as a prosecuting attorney on the face of the '807 Patent—had already reviewed the issue and determined that the headphones did not include the feature. Able Planet's errant assertion regarding its headphone's capabilities is especially troubling as it is made only a few lines before Able Planet accuses Plaintiff of failing to "review Able Planet's response to her initial extortion demand." Reply, p. 4. Exhibit 1 shows that counsel for Plaintiff not only reviewed all of the patents identified by Mr. Lenzen, but had reviewed the claims of the '807 Patent in particular. Mr. Tompkins specifically asked for information to confirm what he had determined from a review of the patent, product, product packaging, and advertising materials. Mr. Tompkins' conclusions were

---

² As noted above, Plaintiff is not required to produce evidence in support of pleaded facts to survive a motion to dismiss. However, Plaintiff believes it worthwhile to attached Exhibit 1 to show the Court the obvious untruth of Able Planet's assertion.

confirmed by Mr. Lenzen.  Able Planet's contrary assertion, made without support and for the first time in its reply brief, should be given no weight.

### III. Able Planet's use of the word "technology" does not change the fact that it falsely advertises its headphones as "patented."

Able Planet relies again in its Reply on a supposed distinction between advertising a thing as patented and advertising it as containing "patented technology."  Reply, p. 2.  Able Planet goes so far as to say "this distinction is an important one."  *Id.*  Able Planet does not, however, explain why the distinction is important.  Instead, it simply follows the statement by the unsupportable assertion that "there is no question that the technology contained in Able Planet's headphones is, as advertised, patented."  Reply, p. 2-3.

The distinction Able Planet attempts to make is without meaning where neither the product itself, nor any technology therein, is covered by a patent.  All patents protect technology.  Plaintiff has not contested that Able Planet owns patents that protect certain technology.  The '807 Patent, for example, protects technology for a system for coupling a sound generation device with a hearing aid.  If Able Planet makes a system which includes technology covered by the claims of the '807 Patent, it would be within its rights to advertise the system as having "patented technology."  However, the headphones that are the subject of this lawsuit do not include any technology patented by Able Planet.  When Able Planet falsely advertises that the headphones contain patented technology, it is violating Section 292.

Able Planet's Motion to Dismiss presents no valid grounds for dismissal under Rule 12(b)(6) or Rule 9(b). Plaintiff therefore requests that the Motion be denied in all respects.

Date: December 26, 2010    Respectfully submitted,

    /s/George Tompkins/
George M. Tompkins, TXBN 24029864
Tompkins P.C.
825 Market Street, Building M, Suite 250
Allen, Texas 75013
214-843-1654 (tel)
469-375-3969 (fax)
george@tompkinsiplaw.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service, are being served this 26th day of December 2010 with a copy of this Document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

    /s/George Tompkins/